---

## MEYER, WEIS & CO. vs. OLIVER & GRIGGS.

### IN THE SUPREME COURT, AUSTIN TERM, 1884.

Appeal from Limestone county.

This was a suit for trial of the right of property between Oliver & Griggs, appellees, and Meyer, Weis & Co,, claimants and R. T. Moseley and S. Pulver, the sureties, upon their claim bond. Oliver & Griggs plaintiffs below on the first day of January 1881, rented to one Sol Weis, a certain store, described in appellees tender of issues in the town of Mexia, Limestone county. Weis went into possession on that day, agreeing to pay monthly the reasonable rental value thereof, and so remained in possession until December 28th, 1881, upon which date, the U. S. Marshal by authority of certain writs of attachment issued out of the U. S. Circuit Court at Waco against the said tenant. Weis levied upon all the property, consisting of a stock of general merchandise, contained in said store and

took exclusive possession thereof, as well as of the store itself, and so held the same until February 6th, thereafter. February 6th and 9th, regularly and legally, sold the property so levied upon by him and they were all purchased by Meyer, Weis & Co., the claimants and defendants in the lower court, and one of the appellants here.

February 4th, 1882, appellees sued out a distress warrant before a justice, returnable to Limestone District Court, against the tenant Sol Weis, to enforce the collection of rent for the entire period that the store was alleged to have been occupied by him, and on the 9th of February, after the purchase by Meyer, Weis & Co., this warrant was levied upon the goods here in controversy, the goods so seized being a portion of the goods purchased by Meyer, Weis & Co., at the marshal's sale and which were, at the time of the levy of the warrant, in their possession, but still in the store formerly occupied by said Sol Weis.

February 1st, 1882, before the said sales, and before the distress warrant was sued out defendant sold and conveyed the store to Prendergast & Co., who thereupon rented the same to the marshal, and received the rents therefor for the time the store was occupied by him after their said purchase. The property seized under the distress warrant was valued at $1200.

The cause was tried by the court and judgment rendered for defendants in error for $1022.66 and 10 per cent. damages $102.66—$1125.32   The cause is now before the court on writ of error. Plaintiffs in error assign and rely upon the following points :

1. "That as the tenant had ceased to occupy the primises for more than one month before the distress warrrant was issued, that the lien and remedy were lost.

2. "That Oliver & Griggs having conveyed the premises before the writ issued the lien and remedy had ceased to exist.

3. Defendants in error having failed to secure an adjudication of their rights in the Federal Court, could not now maintain the suit and foreclose the lien.

### OPINION.

It is claimed that Weis' occupancy of the storehouse ceased, on the day the marshal levied the attachment upon the property. This proposition is not maintainable. The marshal had no further right to the occupancy of the house, than was necessary to enable him to

complete the levy, and remove the property.  As Weis did not terminate the renting by notice to his landlord, the court correctly held that in contemplation of law the occupancy of the marshal was the occupancy of the tenant.

So long as the goods were in possession of the marshal they were not subject to seizure for rent, but when no longer in *custodis legis*, they were subject to distraint provided the preference lien continued in force, and the right of innocent third parties had not interposed.

In this case we think it clear, that the lien was in full force at the time the distress warrant was levied.  All parties had full notice of the existence of the lien.  The property remained upon the rented premises, and the fact that Oliver & Griggs conveyed these premises before the issuance of the distress warrant, does not affect their rights and remedies given by statute for rent that had accrued prior to such conveyance.

The statute giving the remedy must be liberally construed with a view to effect its object and promote justice.  However to hold that notwithstanding the lien subsisted for one month after the occupancy had cessed, but that because the relation of landlord and tenant had ceased, or the landlord had conveyed the premises, the remedy for enforcing the lien was gone, would result in defeating the object had in view in giving the lien.

The remedy by distraint under the statute, is not dependant upon the ownership of the premises at the time the writ was issued, nor is it in any way affected by the fact that the relation of landlord and tenant has then ceased.  If rent is due and the lien subsists, the statute authorizes the issuance of a distress warrant to enforce the lien, and secure the debt.

Oliver & Griggs were not compelled to resort to the Federal Court to have their rights adjudicated, they were not parties to the suit there pending, and their right to subject the property to their claim for rent was not effected by the proceedings had in that cause. Plaintiffs in error purchased the goods with notice of, and therefore subject to that lien.

Our conclusion is that there is no error in the judgment, and that it ought to be affirmed.    Watts, Judge.

Report of Commissioners of Appeals examined, adopted and judgment affirmed.    Stayton, Associate Justice.