B. E. LEHMAN v. J. E. STONE.

(No. 6537.)

APPEAL from McLennan County.   Opinion by WILL-SON, J.

CLARK & DYER, counsel for appellant.

PRATHER & LINDSEY, counsel for appellee.

§ **121.** *Landlord and tenant; property of tenant on rented premises; purchaser of charged with constructive notice of landlord's lien.* Appellee sued Miss G. Barringer in justice's court for $135 for rent of certain premises, and sued out a distress warrant, which was levied upon furniture found upon said premises, valued by the officer making the levy at $300. Appellant laid claim to said property levied upon, under the statute for the trial of right of property, and in accordance with said statute. Said claim was returned to the county court for trial, and, upon a trial had, a judgment was rendered against appellant and the sureties upon her claim bond for $101.25, costs, etc. Appellee recovered judgment in justice's court against Miss Barringer, the defendant in the original suit, for the amount of rent sued for, and costs.

It is quite clear, we think, from the evidence, that Miss Barringer was the tenant of the appellee, and as such was owing him rent for the premises in which the property seized under the distress warrant was found. Appellant purchased said property from Miss Barringer a short time before it was seized upon the distress warrant, said property, at the time of her purchase, being upon said rented premises in the possession of Miss Barringer; and after said purchase said property remained upon said premises in the possession of appellant, who then became the occupant of said premises. We think it clear from the evidence that at the time appellee's distress warrant was levied he had a lien upon the property seized for the rent then due him for said premises, unless said lien had been lost by reason of the sale of the property by Miss Barringer to appellant prior to the said levy. It is claimed by appellant that she is a purchaser of said property in good faith, for a valuable consideration, without notice of appellee's lien thereon for rent. Concede that she purchased in good faith, and paid a valuable and full consideration for said property, and

had no actual notice of appellee's lien for rent, still, under the law, she took the property subject to appellee's lien. She had constructive notice of said lien at the time she purchased because of the fact that said property was upon the rented premises. [R. S., art. 3122a; Block v. Latham, 63 Tex. 414; Rosenberg v. Shaper, 51 Tex. 134; Meyer v. Oliver, 61 Tex. 584.]

**§ 122.** *Judgment; when inquiry into correctness of, will not be allowed.* As to the amount of rent due appellee by Miss Barringer, that was ascertained and declared by the judgment rendered in the original suit; and, there being no issue made in this proceeding that said judgment was vitiated by fraud or collusion, it was not competent for appellant to inquire into the correctness of said judgment. [Livingston v. Wright, 68 Tex. 706.] It may be that appellee has not recovered judgment herein for as much as he was entitled to, but he has not assigned error, and must be content with the judgment as it is. There being no error for which the judgment should be disturbed, it is

June 4, 1890.                                    Affirmed.