## TOWNE *v.* DAVIS.

Whether a sale of hay was so far completed that the title passed to the vendee is a question of the intention and understanding of the parties, which is a question of fact.

The finding of a referee that the title did not pass to the vendee on a contract of sale of personal property, will not be revised when there was evidence upon which the referee could find either way.

Assumpsit. November 10, 1887, the plaintiff, as administrator of his father's estate, by virtue of a license from the probate court, sold at public auction a certain lot of hay contained in a barn on the homestead place of the deceased in Boscawen. The sale took place on the premises. The terms of sale set forth in the notice were cash or a bankable note. The auctioneer, in making the sale, asked for bids for the hay by the ton, to be taken and

weighed by the purchaser, and the hay was bid off by the defendant. There was nothing in the terms of sale specifying the time when the hay should be removed by the purchaser from the barn.

The defendant commenced to remove the hay in December, 1887, and from time to time continued to do so up to about June 15, 1888. All of the hay removed was weighed, and returns made to the plaintiff, and paid for by the defendant to the plaintiff. On or about April 1, 1888, the premises on which the barn containing the hay was located, were taken possession of by a mortgagee for the purpose of taking the rents and profits, and the defendant obtained the consent of the agent of the mortgagee to let the hay then in the barn remain there. On June 21, 1888, the barn was struck by lightning and burned with all its contents. There was remaining in the barn at the time of the fire about 8,170 pounds of hay valued at $5 per ton, and about 17,155 pounds valued at $12.50 per ton ; and the action is brought to recover its value. A referee finds that there was not such acceptance and delivery of the hay as would entitle the plaintiff to recover of the defendant the value of the hay remaining in the barn.

*Leach & Stevens*, for the plaintiff.

*Sanborn & Hardy*, for the defendant.

CLARK, J. The acceptance, receipt, and payment of the price of the hay removed by the defendant was a recognition of the contract of sale, and a sufficient acceptance and receipt of part of the property sold to meet the requirements of the statute of frauds and take the case out of its operation. It is not necessary that the delivery and receipt should accompany the sale. If the receipt of the property, or a part of it, takes place in pursuance of the previous verbal agreement, it is sufficient. It is the fact of delivery and receipt under and in pursuance of the previous agreement of sale, and not the time when the delivery is made, that the statute makes essential to the proof of a valid contract. Browne St. Fr., *s.* 338 ; *Townsend* v. *Hargraves*, 118 Mass. 325.

There being no question as to the proof of the contract of sale, the inquiry is, whether it was so far completed that the title passed at once to the defendant. This is a question of the intention and understanding of the parties, which is a question of fact. A referee has found that the title did not pass, and the verdict must stand if there was evidence competent to sustain it.

As between the parties, neither delivery nor payment is necessary to a completed sale except when required by the statute of frauds. *Clark* v. *Draper*, 19 N. H. 419, 421 ; *Bailey* v. *Smith*, 43 N. H. 141, 143 ; *Clark* v. *Greeley*, 62 N. H. 394. At the common law, an agreement for the present sale of specific chattels casts on the buyer the risk of loss. But if anything remains to be

done between the parties to identify the goods sold, or to determine the price to be paid, the sale is not complete so as to pass the title, unless it may be inferred from the evidence that the parties intended the property should pass at once. If the goods are sold by number, weight, or measure, or the like, the sale is *prima facie* not complete till the quantity is ascertained, and if they are mixed with others, not until they are separated and designated. *Warren* v. *Buckminster*, 24 N. H. 336; *Fuller* v. *Bean*, 34 N. H. 290; *Ockington* v. *Richey*, 41 N. H. 275; *Prescott* v. *Locke*, 51 N. H. 94.

"The general doctrine on this subject is, that when some act remains to be done in relation to the articles which are the subject of the sale, as that of weighing or measuring, and there is no evidence tending to show an intention of the parties to make an absolute and complete sale, the performance of such act is a prerequisite to the consummation of the contract; and until it is performed, the property does not pass to the vendee. But in the case of sales where the property to be sold is in a state ready for delivery, and the payment of money, or giving security therefor, is not a condition precedent to the transfer, it may well be the understanding of the parties that the sale is perfected, and the interest passes immediately to the vendee, although the weight or measure of the articles sold remains yet to be ascertained. Such a case presents a question of the intention of the parties to the contract. The party affirming the sale must satisfy the jury that it was intended to be an absolute transfer, and all that remained to be done was merely for the purpose of ascertaining the price of the articles sold, at the rate agreed upon." *Riddle* v. *Varnum*, 20 Pick. 280, 283, 284.

The terms of the sale were "cash or a bankable note," and this fact is to be considered in determining whether the parties intended a completed sale. If by the use of these terms the parties understood merely that no credit was to be given, and that the seller would insist on his right to retain possession of the hay until the price was paid or secured, the sale might still be so far completed and absolute that the property would pass; but if it was the understanding that the hay was to remain the property of the seller until the price was paid or secured, the sale was conditional, and the title would not pass, even on delivery, without performance of the condition. *Clark* v. *Greeley*, 62 N. H. 394, 396.

In *Paul* v. *Reed*, 52 N. H. 136, the buyer moving into the seller's house, examined and selected a hog, some butter, sugar, tea, and other articles, and agreed to take them at certain prices. He mixed the sugar with his own, changed the hog to another pen, and took out his pocket-book to pay for them; but at that moment the money due for the price was attached by a creditor of the seller, and the seller took back his goods. The question was, whether the title was vested in the purchaser. The court say,—"The question then is, whether the delivery here was absolute, intending to

pass the title to the vendee and trust him for the price, or whether it was made with the expectation that the cash would be paid immediately on the delivery.     This is a question of fact, but it is submitted to the court for decision.     Ordinarily it should be passed upon at the trial term  .  .  ."     Assuming that the questions both of law and fact were reserved, the court found that the goods were sold for cash, and of course that the delivery of the goods and the payment of the price were to be simultaneous ; and that when a part had been delivered, and the seller was figuring up the amount, and the buyer had taken out his money to pay the price, the act was arrested by the service of process, the sale was not completed, and the title had not vested in the buyer.

Upon the facts stated in the case, a referee has found that the title to the hay did not vest in the defendant at the time of the auction sale.     There was evidence upon which he could find either way, and his finding is not open to revision, no error of law appearing.     *Cummings* v. *Center Harbor*, 57 N. H. 17.

*Judgment for the defendant.*

BLODGETT, J., did not sit : the others concurred.