Grafton,          }
Dec. 31, 1903.    }

HART *v.* BOSTON & MAINE RAILROAD, PERRY *& a., Claimants.*

The statutory provisions as to conditional sales of personalty do not apply to a contract in which the parties mutually understand that the price is to be paid in cash upon delivery of the goods, and the prospective purchaser is permitted to take possession for the sole purpose of ascertaining the weight of the property which is the subject of sale and preparing it for shipment.

Requested instructions are properly refused when they are inapplicable to the facts as disclosed by the evidence.

Under section 1, chapter 241, Public Statutes, an action of replevin is maintainable against a common carrier for goods which lawfully came into his possession and are wrongfully detained.

REPLVIN, for old iron. Trial by jury and verdict for the plaintiff. Transferred from the May term, 1903, of the superior court by *Stone,* J.

The evidence tended to prove the following facts: The plaintiff sold the iron to one Lepsitz, April 3, 1902, to be paid for in cash and to remain the plaintiff's property in the, meantime. The iron was gathered by Lepsitz on the plaintiff's premises, weighed, and loaded on the cars with an agreement that it should not be moved until paid for. Lepsitz informed the plaintiff of the weight of the iron on April 11, and gave him a check for the price, which the plaintiff refused to accept in payment until he ascertained whether the check would be honored,—both parties at the time understanding that the iron was the plaintiff's and was not to be moved before payment. The plaintiff on the same day notified the defendants' assistant station agent, then in charge of the station, that the iron was the plaintiff's and not to give a bill of lading of it without his permission. The check was returned to the plaintiff, protested,

April 16. After this, Lepsitz told the plaintiff to let the iron remain on the car and he would pay cash for it. The plaintiff complied, but Lepsitz never paid for the iron.

After the plaintiff gave the assistant station agent the notice above mentioned, and on the same day, the station agent's wife, then a clerk in the office, gave one Friedman a shipping receipt for the iron in favor of the claimants, as consignees. Lepsitz sold the receipt to the claimants on April 16, and received their check for it. The iron remained on the car at the plaintiff's request until May 1, when the defendants declining to deliver it to the plaintiff, he brought this action. The claimants' motions for a nonsuit and the direction of a verdict in their favor were denied, subject to exception.

The claimants' counsel in the closing argument took the position that they acted in good faith in making the purchase. The plaintiff's counsel replied that they acted in bad faith; that if they had acted in good faith, they would have made an effort to find Lepsitz, and would have communicated with the plaintiff. In the course of the argument, he said the claimants ought to have notified the plaintiff of their purchase. To this statement the claimants excepted.

The following requests by the claimants for instructions were denied, subject to exception: (1) The transfer of a bill of lading to a *bona fide* purchaser for value, or as security to one who makes advances on the goods described in the bill, entitles the assignee or pledgee to the possession of such goods, subject only to the lien of the carrier for freight, or to the claims of a consignee into whose possession the property may have come before the transfer of the bill of lading. (2) An innocent consignee of a bill of lading for value and without notice is entitled to the possession of the goods. (3) Replevin will not lie for the mere detention by a common carrier of goods that came lawfully into his possession. (4) The law as stated in sections 23 and 24, chapter 140, Public Statutes.

*James L. Wilson* and *Beckford & Hibbard*, for the plaintiff.

*Frank S. Streeter*, for the defendants.

*Alvin F. Wentworth*, for the claimants.

CHASE, J. The evidence seems to be all one way, and to prove that the iron was to be paid for in cash upon delivery to the purchaser, and that both parties to the contract understood there was no delivery; that the possession of the iron, which the plaintiff allowed Lepsitz to have, was for the purpose of ascertaining the quantity and having it in readiness for delivery when payment

was made. After the iron was loaded on to the car, both parties understood that the plaintiff had control of it—that the defendants' possession of it for the time being was held in behalf of the plaintiff. If it does not appear from this evidence as matter of law that the title never passed to Lepsitz, the jury certainly might properly so find as matter of fact. *Ferguson* v. *Clifford*, 37 N. H. 86; *Paul* v. *Reed*, 52 N. H. 136; *Towne* v. *Davis*, 66 N. H. 396. It not being a sale of personal property to be delivered immediately and paid for at a future date, with a condition that the property should remain the vendor's in the meantime, the provisions of the statute as to conditional sales (P. S., *c.* 140, *ss.* 23–26) have no application. The motions for a nonsuit and the direction of a verdict in favor of the claimants, and for an instruction to the jury embodying the above mentioned statute law, were properly denied.

The remark of the plaintiff's counsel in the closing argument, to which the claimants excepted, bore upon the question of their good faith in the transaction with Lepsitz, and was not objectionable.

The propositions of law stated in the claimants' first and second requests for instructions, if correct, had no application to the case. The question was whether the title passed to Lepsitz by reason of a delivery of the iron to him. Unless it did, his assignees, the claimants, got no title. The bill of lading, or shipping receipt, and the agreement of Lepsitz and the claimants growing out of and concerning it, would have no effect upon the plaintiff's title. If the title passed to Lepsitz, the instructions would be unnecessary.

The defendants declined to deliver the iron to the plaintiff. They unlawfully detained it from him. Replevin is maintainable in such a case. P. S., *c.* 241, *s.* 2. *Woodward* v. *Railway*, 46 N. H. 524, cited by the claimants in support of their third request for instructions, was decided before the statute was passed authorizing the maintenance of an action of replevin for the unlawful detention of personal property. Laws 1873, *c.* 21.

*Exceptions overruled.*

All concurred.

---

### MEMORANDUM.

Mr. Justice REMICK resigned his office on the thirtieth day of November, 1903, the resignation taking effect on the first day of January, 1904.

On the fourth day of January, 1904, Mr. JOHN EDWIN YOUNG was appointed an associate justice of the court to fill the vacancy occasioned by the resignation of Mr. Justice REMICK.