## W. H. AUSTIN v. E. B. WELCH.

Decided March 4, 1903.

1.—Conditional Sale—Delivery—Title—Waiver.

   Plaintiff sold furniture to defendant for cash on delivery, defendant making a part payment on account at the time, and the furniture was delivered from time to time. Before the delivery was completed plaintiff left the city, instructing his clerk to complete the delivery and collect the purchase money, and upon his return, finding that the money had not been paid when the furniture was delivered at once demanded payment, and defendant being unable to pay, the sale was changed into one on credit, at an added price, with notes and a chattel mortgage on the furniture. Held, that such delivery was not a waiver of the requirement of a cash payment, and the title did not pass until the execution of the mortgage.

2.—Chattel Mortgage—Registration "Forthwith"—Landlord's Lien.

   A chattel mortgage on furniture sold to a tenant was executed on Saturday at 2 p. m., and the mortgagee, between that time and 5 o'clock, passed by the county clerk's office, but failed to file the mortgage until the following Monday. Held that, as against the landlord's lien, there was not a filing of the mortgage "forthwith," as required by the registry statute, and the seller's lien was subordinate to that of the landlord. Rev. Stats., art. 3328.

Appeal from the County Court of El Paso. Tried below before Hon. Jas. H. Harper.

*R. C. Walshe* and *M. W. Stanton,* for appellant.

*Richard F. Burges,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was originally instituted by the appellee against Flora D. Reeve upon eleven promissory notes, aggregating $610.90, given by her for the purchase money of certain furniture and household goods, and to foreclose a mortgage on the property made to secure their payment.

The appellant intervened, claiming an indebtedness against the defendant of $200, due for rent secured by a landlord's lien on the property, and that such lien was prior and superior to the one asserted by the appellee.

Pending the suit it was agreed by all the parties that the value of the goods should be assessed, and when it was, they should be turned over to appellee upon his filing with the sheriff his bond with two good securities in the amount of their assessed value, "conditioned that if upon the first disposition of the case it be determined that the defendant, Flora D. Reeve, or the intervener, W. H. Austin, is entitled to said furniture or any interest therein, then that said E. B. Welch shall pay to said Flora D. Reeve or W. H. Austin, as the case may be, a sum equivalent to the proportion that any such interest bears to the total amount of such bond;" and that the court rendering final judgment, in the event it should find in favor of defendant or intervener, should render such judgment against Welch and the sureties on his bond, not to exceed the sum for which it was given. In accordance with such agreement, the value of the property

was assessed at $250, the bond given for that sum, and the property turned over to appellee.

The case was tried without a jury, and the court entered a judgment in favor of appellee, Welch, against the defendant for the sum of $610.90; in favor of the intervener, Austin, against her for $200, with legal interest from the 1st of May, 1902; declared appellee's to be the first lien, credited his judgment with $250 (the value of the goods), and discharged Welch and his sureties from further obligation on the bond referred to.

The vital question to be determined on this appeal is whether the trial judge erred in holding, upon the facts found by him, that appellee's mortgage was prior to appellant's landlord's lien. As there is no statement of facts in this case, the findings of the court must be taken as conclusive against the appellant upon all issues of fact favorable to appellee, that they are reasonably sufficient to support.

The facts found by the court, so far as they affect the question under consideration, are substantially as follows: On the 3d or 4th day of January, 1902, the defendant, Flora D. Reeve, agreed with appellee to purchase from him furniture to furnish a house and pay cash therefor, and at the time paid him on account $150; the furniture was delivered to her from time to time and placed in and upon the premises leased by her from intervener, until the 25th of January, 1902, when the delivery was complete. Before it was all delivered, appellee left the city on business, leaving instructions with his clerks to complete the delivery and collect the purchase money therefor. Upon his return, finding the money had not been paid, he called upon her and demanded payment, and was paid $100, and promised the balance at once, but she informed him next day that she could not pay it, and, for the first time, asked him to sell the goods to her on credit. He told her if he sold on credit he would have to charge her 10 per cent more, and upon her agreeing to the increased price he drew up the notes and chattel mortgage sued for. They were signed by her about 2 o'clock p. m. on March 1, 1902, which was Saturday, and it was filed for registration in the office of the county clerk on March 3d, at 11:20 a. m., and immediately registered there in accordance with law.

The third paragraph of the court's findings of fact is as follows: "Third. That said notes and chattel mortgage were signed by the defendant in the house at 820 San Antonio street, in the city of El Paso, Texas, and said plaintiff passed by the courthouse of El Paso County, Texas, in going from his place of business to and from the place where said notes were executed during the afternoon of March 1, 1902, prior to the hour of 5 o'clock."

On the 31st day of December, 1901, the intervener leased the defendant the house and premises on which it is situated known as the "Mackanack House," at 820 San Antonio street, in the city of El Paso, Texas, to the defendant for a term of one year from said date, for which she agreed to pay $100 per month, payable monthly in advance on the first day of every month. She entered into possession on the 1st day of January, 1902, and

paid the rents for the months of January, February and March as they became due, but failed to pay the rents, or any part thereof, for the months of April and May, 1902, which were due and unpaid when this suit was tried. It was in this house the property was placed by the defendant as it was delivered to her by plaintiff, and for the rents due thereon the intervener claims a landlord's lien on such property.

Upon these facts, the trial court concluded as matters of law that the title to the property sold by appellee to defendant did not pass until the execution of the chattel mortgage, and that appellee's mortgage lien is prior and superior to intervener's landlord's lien, in that the latter did not attach to the property until after the execution of the mortgage, and that it was filed "forthwith" within the meaning of the statute in reference to filing chattel mortgages.

The contentions of appellant are: (1) If the original sale were conditional, it was waived by the delivery of the goods; and (2) that the mortgage was not filed forthwith after its execution as required by statute.

"All persons leasing or renting any residence, storehouse or other building shall have a preference lien upon all property of the tenant in such residence, storehouse or other building, for the payment of the rents due and that may become due." Rev. Stats., art. 3251.

"Every chattel mortgage * * * which shall not be accompanied by an immediate delivery and followed by an actual and continued possession, shall be absolutely void as against the creditors of the mortgagor, * * * unless such instrument or a true copy thereof shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall be situated." Rev. Stats., art. 3328.

If, then, in view of these statutes, either contention of the intervener is sustained, it must follow that the court erred in its conclusions of law, and for such error its judgment must be reversed, and, upon the facts found, judgment rendered in this court for the appellant.

The expressions "cash," "cash down" or "cash on delivery," as used in sales, may be used in two different senses—one where the words indicate simply that the goods must be paid before the buyer is entitled to possession; and the other, where they indicate an intention not to part with the title until he price is paid. A cash sale is not necessarily in law either a conditional or an unconditional sale. If by the use of these terms the parties understood merely that no credit is to be given, and the seller will insist on his right to retain possession of the goods until the payment of the price, the sale is so far complete and absolute that the property passes; but if it is understood that the goods are to remain the property of the seller until the price is paid, the sale is conditional and the title does not pass. Scudder v. Bradbury, 106 Mass., 428; Town v. Davis, 22 Atl. Rep., 450, 66 N. H., 396. Whether the phrases have one meaning or the other is a question of intention, which, if the facts are in dispute, is for the jury; but if the contract is in writing, or the facts not disputed, is a question for the court to determine. Davis v. Giddings, 46 N. W. Rep., 425,

30 Neb., 209; Scudder v. Bradbury, supra. When the words are given the first meaning, the title passes at once upon the completion of the contract by the force of it, so as to cast the risk upon the buyer and entitle the seller to the price. Clark v. Greeley, supra; Hoyden v. Demets, 53 N. Y., 426. However, the buyer, though he has title, is not entitled to possession until he pays the price; for payment and delivery in such a case are presumed to be concurrent acts, and until payment is made the seller may retain the goods by virtue of his vendor's lien. But he retains the goods, and not title.

Where the words are given the second meaning, title will not pass until the price is paid or the condition waived; for until the payment or its tender, the seller retains not simply the possession, but the title also. The condition of cash payment, whether express or implied, is for the benefit of the seller, and he may waive it if he elects to do so. But whether, in fact, under all the circumstances, there has been a waiver is a question for the jury. It is not necessarily to be inferred, where a conditional sale has been made and delivery has immediately taken place upon the expectation that the promised payment or security will shortly be given, that the sale ipso facto becomes absolute. There is always an implied understanding that the vendee is acting honestly, and that he takes the goods subject to the contract. It is not necessary, therefore, that the owner shall in express terms declare that he makes the delivery conditional. It is sufficient if the intent of the parties that the delivery is conditional can be inferred from the acts and circumstances of the case. Waiver is the voluntary relinquishment of some right which, but for such waiver, the party would have enjoyed. The important question is: "Has the vendor manifested, by his language or conduct, an intention or willingness to waive the condition, and make the delivery unconditional, and the sale absolute, without having received payment or the performance of the conditional sale? This must depend upon the intention of the parties at the time, to be ascertained from their conduct and language, and not from the mere fact of delivery alone. Whether there has been a waiver is a question of fact. It may be proved by various species of evidence; by declarations, by acts, or forbearance to act. But however proved, the question is, has the vendor voluntarily and unconditionally delivered the goods without intention to claim the benefit of the condition?" Mechem on Sales, secs. 551, 552.

In this case there is no question, under the facts found by the court, that the sale was conditioned upon a cash payment. It is manifest from the instructions given by the plaintiff to his clerks when he went off, and by his action upon his return, that he never voluntarily and unconditionally delivered the goods without intention to claim the benefit of the condition. We must therefore sustain the finding of the trial court that the plaintiff never waived the condition, and that the title never passed to the defendant until the notes sued on and the morgage given to secure their payment were executed and delivered.

This brings us to the second question in the case,—was the mortgage forthwith deposited with and filed in the office of the county clerk? In Hackney v. Schow, 21 Texas Civ. App., 613, 53 S. W. Rep., 714, in considering the meaning of the word "forthwith" as used in Revised Statutes, article 3328, the court says: "The term 'forthwith' is an 'imperative term, and certainly admits of no unnecessary delay.' Mr. Webster defines the term as meaning 'immediately; without delay; directly.' Bouvier: 'As soon as the thing may be done by reasonable exertion confined to that object.' Mr. Rapalje and Mr. Black also give this definition, substantially. * * * Sec. 8 Am. and Eng. Enc. of Law, p. 571, and notes,—the term being thus defined in the text as meaning 'immediately, within reasonable time; with all reasonable celerity.' Indeed, as was said by our Supreme Court in the opinion by Chief Justice Gaines in the case of Baker v. Smelser, 88 Texas, 26, 29 S. W. Rep., 377, the term 'has been too often construed to require discussion.' It will be sufficient to say that in the case cited the term, as used in our chattel mortgage statute, was defined to mean 'with all reasonable diligence and dispatch.' "

Did the plaintiff use such diligence and dispatch in this case? The facts found by the court below show that the mortgage was executed in the building on San Antonio street, rented by intervener to the defendant, at about 2 o'clock p. m., and then and there delivered to the plaintiff, and that afterwards, during that afternoon before 5 o'clock, he passed along that street by the courthouse in going to his place of business. No reason is given or shown why he did not then step into the courthouse and deposit the instrument with the county clerk and have him file it for registration. In the absence of any such showing, it must be presumed that no good reason could be given for his not doing so. Had he deposited and filed it then, it would have been done "forthwith" within the meaning of the term; but having failed to do so, he let slip the time and opportunity for complying with the letter and spirit of the statute, and when his instrument was filed on the following Monday, the lien created by it was subsequent and inferior to the intervener's. That intervener was in no way injured or misled by plaintiff's failure to file the mortgage on Saturday afternoon does not alter the case. The intervener was a creditor, he having a landlord's lien, within the purview of the statute, with the right to stand upon it and maintain that the mortgage was absoluely void as against him because it was not *forthwith* deposited and filed in the office of the county clerk. If provisions of the statute are not observed, the chattel mortgage is for that reason void as against creditors, irrespective of bad faith or of any intention to defraud. Button Co. v. Spielmann, 50 N. J. Eq., 128, 24 Atl. Rep., 571; Scharer v. Schmidt, 50 N. J. Eq., 796, 27 Atl. Rep., 1033.

This conclusion requires us to reverse the judgment in favor of the plaintiff, and render final judgment in favor of the intervener. Therefore, in accordance with the agreement referred to in our statement of

the case, judgment will here be rendered in favor of W. H. Austin against the plaintiff, E. B. Welch, as principal, and Chas. B. Stevens and Henry L. Capell as sureties, on the bond made in conformity to said agreement for the sum of $200, with interest thereon from the 1st day of June, 1902, at the rate of 6 per cent per annum.

Reversed and rendered for appellant.

*Reversed and rendered.*