B. H. ALLEN v. E. BRUNNER ET AL.

Decided June 24, 1903.

**1.—Amount in Controversy—Debt Not Due.**

The county court has jurisdiction of a distraint for rent exceeding $200 in amount, though less than that amount of the claim has fallen due when the writ was sued out.

**2.—Landlord and Tenant—Attachment—Occupancy by Officer.**

When the tenant's goods and leased premises are seized under attachments, the occupancy by the officer is that of the tenant so far as to entitle the landlord to rent for the balance of the lease year, on occupancy for a part thereof (Rev. Stats., art. 3251), though the tenant's own occupancy was terminated by the levy before such year began.

Appeal from the County Court of Robertson. Tried below before Hon. Tom M. Taylor.

*J. Felton Lane* and *Davis & Cocke,* for appellant.

*Purdom & Purdom,* for appellees.

STREETMAN, ASSOCIATE JUSTICE.—Appellee Brunner, by written contract, rented to J. D. Rudd & Bro. a storehouse in the town of Calvert for a term of five years beginning May 1, 1900. J. D. Rudd sold his interest to his brother C. E. Rudd, who assumed the contract and continued the business.

On February 19, 1902, C. E. Rudd, being insolvent, executed a deed of trust on the stock of goods and fixtures to M. Hirsch, trustee, to secure certain indebtedness. This deed of trust authorized the trustee to sell the property, but fixed no time in which the property should be sold. We find no evidence that any of the creditors named accepted under the deed of trust before the levy of appellant's attachment. The trustee, however, took possession of the property at once and assumed the lease contract.

On February 22, 1902, appellant B. H. Allen sued C. E. Rudd in a justice court of McLennan County, and caused an attachment to be issued and levied upon the property in controversy in this suit. The property, however, continued to remain in and occupy the rented premises up to the trial of this case in December, 1902.

The trustee, Hirsch, became a party to this attachment suit, but the landlord, Brunner, was not a party. On May 30, 1902, judgment was rendered in the attachment suit foreclosing the attachment lien as against Rudd and Hirsch. An order of sale was issued upon this judgment, and the property was sold July 2, 1902, to appellant B. H. Allen.

In the meanwhile, on June 4, 1902, appellee Brunner had filed his affidavit and bond and caused a distress warrant to issue out of the

Justice Court of Precinct No. 1, Robertson County, claiming $420 rent for the year beginning May 1, 1902. Notice was given of appellee's claim at the sale above mentioned, and immediately afterwards the distress warrant was levied upon the property involved in this suit.

The distress warrant was made returnable to and was filed in the County Court of Robertson County on September 1, 1902. On the same day, appellee Brunner filed his original petition in that court in which he claimed $420 as rent, and sought a foreclosure of his lien for that amount.

A trial was had December 15, 1902, and judgment was rendered in favor of Brunner for $262.50, the amount of rent then due since May 1, 1902, with foreclosure of landlord's lien as against Rudd and Hirsch and appellant Allen. It was shown that all rent had been paid up to May 1, 1902.

The first contention of appellant is that the County Court did not have jurisdiction, because the rent due when the distress warrant was issued and when the petition was filed did not amount to $200. Article 3240 of the Revised Statutes authorizes the issuance of a distress warrant under the circumstances there stated, whether the rent is due or not. Du Bose v. Battle, 34 S. W. Rep., 148. Article 3242 requires the writ to be returned to the court which has jurisdiction of the amount in controversy. In this case $420 was claimed, and at the time of the trial $262.50 was due. No judgment was rendered for rent not due at the time of the trial. The writ was properly returned to the County Court, and that court had jurisdiction of the case.

The other contention of appellant is that because the current contract year ended on May 1, 1902, and the attachment was levied on February 22, 1902, the landlord could not assert a lien for any time after May 1, 1902, and as all rent was paid to that time, judgment should have been rendered for appellant.

Appellant relies upon article 3251 of the Revised Statutes to support this view. As we understand, the effect of this article is to prevent a landlord from ever asserting a claim for more than one year's rent to become due in the future; that is, no matter how many years may be covered by the rental contract, the lien can only be enforced for a period up to the end of the current contract year. It does not prevent the making of a lease for more than one year, but it divides such a contract, as far as the lien is concerned, into a series of yearly contracts, and when the tenant has occupied the premises for any part of any of said series of years, the landlord has a lien for the balance of such year.

So in this case, if Rudd himself had continued to occupy the premises until after May 1, 1902, we think there could be no question that the landlord would have had a lien for the contract year beginning May 1, 1902. Marsalis v. Pitman, 68 Texas, 624.

Instead of occupying it himself, he turned the property over to the trustee, Hirsch, who assumed the lease contract, and then the property

was levied upon under appellant's attachment. It continued, however, to occupy the building until another contract year had begun.

Under a similar state of facts in the case of Meyer, Weis & Co. v. Oliver & Griggs, it was held that the occupancy by the tenant was not terminated by the levy of the attachment, but that the occupancy of the officer was the occupancy of the tenant. 61 Texas, 584.

We regard these views as conclusive upon the questions raised in this appeal.

There being no error in the judgment, it is therefore affirmed.

*Affirmed.*