LOW v. TROY LAUNDRY MACHINERY
CO., Limited, et al.†

(Court of Civil Appeals of Texas. Austin.
July 5, 1913. On Motion for Rehearing, Oct. 15, 1913.)

1. LANDLORD AND TENANT (§ 248*)—RENT—PRIORITY OF LIENS.

Rev. Civ. St. 1911, art. 5490, providing that all persons leasing or renting any building shall have a preference lien upon the property of the tenant, but that the lien shall not continue for a longer period than the current contract year, embracing a period of 12 months, whether it be in the first or any other year of such contract, divides a lease contract for a series of years into a series of yearly contracts, so far as the landlord's lien is concerned, and, where one who sold machinery to a tenant, reserving the title as security for the price, failed to record the contract as required by statute until after the landlord's lien had attached, but recorded it prior to the commencement of the second year of the lease, its lien was superior to the landlord's lien for the rent for the second year.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1003–1008, 1010–1012, 1017; Dec. Dig. § 248.*]

2. LANDLORD AND TENANT (§ 248*)—RENT—PRIORITY OF LIENS.

Under Rev. Civ. St. 1911, art. 5490, giving lessors a preference lien upon the property of the lessee in the leased building for the payment of the rent, and article 5654, providing that all reservations of title to, or property in, chattels as security for the price shall be held to be chattel mortgages, and, when possession is delivered to the vendee, shall be void as to creditors unless in writing and registered as required of chattel mortgages, a landlord whose lien for rent attached prior to the registration of a contract of conditional sale was a creditor within article 5654, and his lien was therefore prior to the conditional vendor's lien.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1003–1008, 1010–1012, 1017; Dec. Dig. § 248.*]

Appeal from District Court, Brown County; John W. Goodwin, Judge.

Action by the Troy Laundry Machinery Company, Limited, against R. M. Low and others. From a judgment in favor of plaintiff, the defendant named appeals. Affirmed.

Wilkinson & Baugh, of Brownwood, for appellant. Miller & Lee, of Brownwood, for appellee.

KEY, C. J. We copy from appellant's brief the following substantially correct statement of the nature and result of the suit:

This suit was brought August 14, 1912, by the Troy Laundry Machinery Company, Limited, of Chicago, Ill., against J. R. Richie to recover the amount of 15 promissory notes, of date August 26, 1911, executed by him and payable to its order—one for $50, four for $75 each, and ten for $100 each, bearing 6 per cent. interest per annum from date, and containing the usual provision for payment of 10 per cent. additional as attorney's fees, in the event of suit—and also to recover the further sum of $285.18, due upon open account. The note first maturing fell due December 26, 1911, and one each month thereafter for 14 successive months. These notes, together with three others for $50 each, maturing September, October, and November, 1911, respectively, and already paid, were given in part payment of, and said open account was also due for, certain laundry machinery, fittings, fixtures, and appliances sold by the plaintiff to J. R. Richie, and their payment was attempted to be secured by a chattel mortgage on said property executed and delivered by J. R. Richie September 1, 1911, and registered September 10, 1911. The plaintiff sought a foreclosure of this mortgage against J. R. Richie, and also against the defendants W. J. Williams, Walter Ford, and R. M. Low, who were alleged to be asserting some character of title, claim, or lien against the property.

On November 22, 1912, defendant R. M. Low filed his answer and cross-bill, alleging, among other things, that on July 13, 1911, he was the owner of a two-story building situated on lot No. 705, in block No. 31, of the city of Brownwood; that about that date he leased said building to J. R. Richie for the term of three years, beginning August 1, 1911, for $1,800, payable $50 on the first of each month; that J. R. Richie rented said

building for the purpose of conducting a laundry therein, and, pursuant to such purpose, on the 1st or 2d day of September, 1911, moved the above-mentioned machinery, fittings, fixtures, etc., into said building, and proceeded to operate said laundry; that J. R. Richie paid the stipulated rent from the month of August, 1911, inclusive, to the month of March, 1912, inclusive, but failed to pay for the months of April, May, June, and July, 1912; that, having continued under said lease contract to hold, occupy, and use the premises after the expiration of the first year of said lease, and during a part of the second year, that is to say, during the months of August, September, October, and November, 1912, he became liable for the rent on said building for the whole of said second year, that is to say, from August, 1912, inclusive, to July, 1913, inclusive; and that he, defendant, became entitled to and had a preference lien upon said machinery, fittings, fixtures, etc., for the security of the payment of all of said rent. Said defendant asked for judgment for the sum of $800, with 6 per cent. interest upon the monthly installments thereof, as the same became due; that his landlord's lien be foreclosed against his codefendants and plaintiff, as a lien and claim superior to any asserted by them; and that said property be decreed to be sold to satisfy said debt of $800, interest, and costs of suit.

No answers were filed by the other defendants. The plaintiff, by supplemental answer filed December 27, 1912, pleaded, among other things, that no landlord's lien attached to said property in favor of defendant R. M. Low, because J. R. Richie was not the owner of said property, in that by the terms of the contract between it and him, at the time said machinery, fittings, fixtures, etc., were ordered, no title was to vest in him to same till he should have paid the full purchase price thereof.

A trial to the court resulted in a judgment on December 27, 1912, in favor of defendant R. M. Low, against defendant J. R. Richie, for $207.30, being the amount of rents due, with interest accrued thereon, for April, May, June, and July, 1912, and for $600 additional, besides costs of suit, being the amount of rents due, and to become due, for the whole of the second year of said lease contract; and also in a judgment in favor of plaintiff against J. R. Richie on said notes and account for $1,895, with interest at the rate of 6 per cent. per annum, and costs of suit. Plaintiff's chattel mortgage lien and the landlord's lien of defendant R. M. Low were foreclosed, said property directed to be sold, and the proceeds of said sale applied in satisfaction of the amounts adjudged in their favor, in the following order, viz.: First, in payment of R. M. Low's judgment for $207.30; second, in payment of the whole of plaintiff's judgment for $1,895, with interest and costs; and, third, in payment, so far as balance would do so, of R. M. Low's judgment for $600, and costs.

All further facts necessary to a full understanding of the case will be found in the court's findings and conclusions hereinafter set out in full. The motion of defendant R. M. Low for a new trial, filed December 28, 1912, and that of plaintiff, filed January 3, 1913, were overruled February 1, 1913, to which action of the court both of said parties excepted, and gave notice of appeal, and the case is here upon appeal perfected by said defendant.

The case is appealed upon the trial court's findings of fact and conclusions of law, which are as follows:

"(1) That on July 11, 1911, J. R. Richie ordered of plaintiff the following laundry machinery, to wit: Two 36x54 No. 11 washers with partition, galvanized, trimmed, and single-geared; one 32x30 No. 2 washer, galvanized, trimmed; one 26″ extractor, angle countershaft; one 2-chest addition ironer; one cabinet drying room; one dip-wheel starcher; one 25-gallon starch cooker; one No. 11, 18″ combined ironer; one No. 5, 4½ shoe-band ironer; one 32″ single-treadle reverse shoe ironer, body; one No. 24 show-shaper; one No. 3 root blower; one 8 horse power C, horizontal engine (O. & S.); one 30 horse power boiler (O. & S.); one gravity steam dampener, with all necessary fittings and connections for installation. That said order was in writing, and, among other things, contained the following stipulations and conditions, to wit: 'That all of the machinery ordered shall remain the property of the seller (plaintiff) until the purchase price thereof has been fully paid in cash, and, in case of any default in the payment of any part of the purchase price, the seller may enter upon the premises of the purchaser, and retake possession of such machinery. That all deferred payments for the machinery ordered shall be evidenced by notes of the purchaser, secured by a mortgage upon such machinery to be delivered to the seller at the time of the delivery of the machinery to the purchaser.'

"(2) That on the 26th day of August, 1911, the property described in the first finding of fact was shipped from Chicago to Brownwood, to the order of plaintiff, and at the same time plaintiff prepared the notes and mortgage described in plaintiff's petition in this cause, and indorsed the bill of lading, and forwarded the bill of lading, together with said notes and mortgage, and draft for cash payment to Ford Bros. & Co., bankers, at Brownwood, Texas, with instructions to them to have said Richie execute the notes and mortgage, and to file the same in the county clerk's office of Brown county, Texas, and to deliver the bill of lading to Richie upon the execution of said papers. That on the 1st day of September, 1911, the bill of lading having been delivered by Ford Bros. & Co. to Richie, he received from the railway

company at Brownwood, Texas, the machinery described in the first finding of fact, and immediately placed it in the building of R. M. Low, situated on Center avenue, Brownwood, Texas, being the building described in the lease contract of the defendant Low, where said property has ever since continued.

"(3) That Ford Bros. & Co., immediately after the execution of the notes and mortgage by Richie, which was September 1, 1911, returned the same to plaintiff at Chicago, Ill., not having filed the mortgage with the county clerk of Brown county, as directed. That plaintiff, on receipt of the mortgage in Chicago, immediately returned the same, and had the same filed in the county clerk's office at Brownwood, Texas, on September 10, 1911.

"(4) That the notes sued upon and described in plaintiff's petition, and executed by defendant Richie, are due and unpaid, having become due by reason of the provision contained in the mortgage, which matured all the notes upon failure to pay any one of them. That said notes contain the usual 10 per cent. attorney's fee clause, and were placed in the hands of attorneys for plaintiff under the contract with them that they should have the 10 per cent, therein provided for as attorney's fees.

"(5) That the mortgage aforesaid also contained a provision that it should also stand as security for any further indebtedness on the part of Richie to plaintiff, and that after the execution of said mortgage the Model Laundry Company, under which name the said Richie conducted said business, became indebted to plaintiff by open account in the sum of $285.18, as alleged in plaintiff's petition, and that said indebtedness is past due and unpaid, and is secured by the mortgage, as alleged in plaintiff's petition.

"(6) That on or about July 13, 1911, defendant R. M. Low entered into a written lease contract with the defendant Richie, whereby he leased to the said Richie for a term of three years, beginning August 1, 1911, the two-story stone building, situated on the southeast side of Center avenue, Brownwood, Brown county, Texas, being street No. 304, lot 75, block 31, city of Brownwood, for the sum of $1,800, which Richie was to pay at the rate of $50 per month, beginning on the 1st day of August, 1911.

"(7) That on or about August 1, 1911, Richie paid to R. M. Low $50, being rent for the month of August, 1911, and took possession of the rented building.

"(8) That all rent on building was paid R. M. Low up to and including the month of March, 1912, monthly, as it accrued.

"(9) That the rental contract between Low and Richie was never filed for record, and plaintiff had no actual notice or knowledge of the rental contract between Low and Richie.

## "Conclusions of Law.

"(1) That, while the mortgage given by Richie to plaintiff was a purchase money mortgage, and was executed and delivered to plaintiff by Richie before the delivery of the machinery, yet, plaintiff having failed to have the same forthwith filed for registration in Brown county, Texas, as required by law, and the machinery upon which said mortgage was given having been placed in the leased building prior to the recording or filing of said mortgage, the lien of R. M. Low, as landlord, attached thereto, and is entitled to priority over the mortgage of the plaintiff for the rent due and to become due for the current year, beginning August 1, 1911.

"(2) That under the law the landlord's lien under the lease contract in question only existed for the current year, beginning August 1, 1911, and, plaintiff having filed its mortgage, as required by law, September 10, 1911, at the expiration of the first rental contract year the lien created by the mortgage attached, and took precedence over the landlord's lien for any rent accruing after the first rental contract year.

"I therefore find for plaintiff for the debt sued for against Richie, and foreclose its mortgage on the property described in said mortgage, but subject to the lien of R. M. Low, as landlord, for the balance due him as rents on the rental contract year, beginning August 1, 1911.

"I find for defendant R. M. Low the sum of $200, with interest from date same was due, the balance of rent due for the first rental contract year, and foreclose his lien for said sum, giving it priority over the mortgage lien of plaintiff. I also find for defendant Low against defendant Richie the sum of $600, being rent due for the second contract rental year, and establish his landlord's lien against the property described in his cross-bill, and foreclose the same, subject, however, to plaintiff's lien hereinbefore foreclosed. I also find that said liens should be foreclosed both as to plaintiff and defendant Low as against all other parties in this suit named in plaintiff's petition and defendant Low's cross-bill."

## Opinion.

[1] 1. Appellant Low urges the contention that his statutory landlord's lien against Richie is superior to the laundry company's mortgage lien, not only for the rent owing for the first year of the lease, but for the $600 owing as rents for the second year, and bases that contention upon article 5490 of the Revised Statutes of 1911, which reads as follows: "All persons leasing or renting any residence, storehouse or other building, shall have a preference lien upon all the property of the tenant in such residence, storehouse or other building, for the payment of the rents due and that may become due; pro-

vided, the lien for rents to become due shall not continue or be enforced for a longer period than the current contract year, it being intended by the term 'current contract year,' to embrace a period of twelve months, reckoning from the beginning of the lease or rental contract, whether the same be in the first or any other year of such lease or rental contract. Such lien shall continue and be in force so long as the tenant shall occupy the rented premises, and for one month thereafter," etc. As originally enacted this statute did not contain the proviso, and was held to give the landlord a lien for all rent due and to become due for the entire term of the lease. This court construed the proviso which was subsequently added to the statute in the case of Allen v. Brunner, 33 Tex. Civ. App. 128, 75 S. W. 821, where Mr. Justice Streetman, speaking for the court, used this language: "The other contention of appellant is that, because the current contract year ended on May 1, 1902, and the attachment was levied on February 22, 1902, the landlord could not assert a lien for any time after May 1, 1902, and, as all rent was paid to that time, judgment should have been rendered for appellant. Appellant relies upon article 3251 of the Revised Statutes to support this view. As we understand, the effect of this article is to prevent a landlord from ever asserting a claim for more than one year's rent to become due in the future; that is, no matter how many years may be covered by the rental contract, the lien can only be enforced for a period up to the end of the current contract year. It does not prevent the making of a lease for more than one year; but it divides such a contract, so far as the lien is concerned, into a series of yearly contracts, and, when the tenant has occupied the premises for any part of any of said series of years, the landlord has a lien for the balance of such year." That case, however, did not involve any question of priority of liens; but we think it correctly construes the proviso as dividing a lease contract for a series of years into a series of yearly contracts, in so far as the landlord's lien is concerned, and, such being the case, and as the laundry company's mortgage was recorded prior to the commencement of the second year of the contract, that company was, as to appellant's statutory lien for that year, a prior creditor within the purview of article 5654 of the Revised Statutes of 1911, and therefore the trial court ruled correctly in holding that appellant's lien for the rent for the second year was subordinate to the laundry company's mortgage lien.

[2] 2. The Troy Laundry Machinery Company has filed cross-assignments of error, and under those assignments presents and urges the contention that appellant Low was not a creditor within the purview of article 5654, and therefore that his lien for the first year's rent was not entitled to priority. Counsel for appellant, quoting from decisions which undertake to define a creditor within the purview of the statute, make a plausible argument in support of the proposition that appellant Low is not, within the spirit and reason of the statute, a creditor. The statute declares that a landlord shall have a preference lien, and in Furniture Co. v. Hotel Co., 81 Tex. 135, 16 S. W. 807, that statute is construed, and it is there expressly declared that a landlord's lien which has attached prior to the registration of a mortgage is superior to the mortgage lien, and that a landlord having such a lien is a creditor within the purview of the statute which protects creditors against unrecorded contract liens. In the opinion the question is discussed with considerable elaboration, and, although that question may have been unnecessary to a decision of the case, and the opinion upon that subject may have, in the main, been dicta, we are not prepared to hold that it is not sound, and, as it has not, in so far as we are aware, been heretofore questioned, and has been followed in other cases, we accept its doctrine as correct, and overrule the cross-assignments under consideration. Rogers v. Grigg, 29 S. W. 654; Austin v. Welch, 31 Tex. Civ. App. 526, 72 S. W. 881; Manufacturing Co. v. Lewis, 75 S. W. 47.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

The questions presented in the motion for rehearing have been reconsidered, but we find no reason for not adhering to the rulings heretofore made. We correct the statement in our former opinion to the effect that the case of Allen v. Brunner, 33 Tex. Civ. App. 128, 75 S. W. 821, did not involve any question of priority of liens. The thought intended to be expressed was that, while each party asserted a lien, the appellant did not controvert the fact that a landlord's lien was superior to an attachment lien, but contended that the landlord in that case had no lien.

Motion overruled.