JOHN CHURCH CO. et al. v. MARTINEZ. (No. 7904.)

(Court of Civil Appeals of Texas. Dallas. March 30, 1918. On Motion for Rehearing, June 22, 1918.)

1. CORPORATIONS ⬧⟹409—LEASE—CONTRACT—LIABILITY.

Where an Ohio company organized a company in Texas for transacting its business in that state, and appointed an agent and general manager therefor, and such agent leased a building for a term, the Ohio corporation was represented by the agent, and its liability for rent was the same as if it had done business in its own name.

2. FRAUDULENT CONVEYANCES ⬧⟹47 — STOCK IN TRADE—LEASE—LIEN—STATUTE.

Rev. St. 1911, art. 3970, relating to validity of lien attempted to be given upon any stock goods daily exposed for sale, has no application to the parties to a lease giving the lessor a lien upon the lessee's goods for rent.

3. LANDLORD AND TENANT ⬧⟹254(1½)—LANDLORD'S LIEN—EXTENT.

Where a building was leased in 1913 for a ten-year term, and the tenant vacated the building in February, 1916, the landlord's lien upon the tenant's goods placed on the premises existed only to the end of that year.

4. LANDLORD AND TENANT ⬧⟹195(2) — VACATION OF PREMISES BY TENANT—RELETTING BY LANDLORD.

Where a lessor under the terms of the lease, in case of the tenant's breach, was to release the premises for the best obtainable rent upon the lessee's account, he was bound to rent it for the remainder of the term, to ascertain the amount of the deficiency, in order to bind the lessee for the deficiency remaining due at the end of any yearly period.

On Motion for Rehearing.

5. LANDLORD AND TENANT ⬧⟹232—BREACH BY TENANT—AMOUNT OF DAMAGE.

On the lessee's breach of a lease for ten years and its vacation of the building, the lessor could recover only the amount of rent that had become due at the date of trial, excluding the rent to become due thereafter, until a showing of the value of the unexpired lease and as to whether the building had been relet for the lessee's account, as required by the lease.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Proceeding by P. P. Martinez commenced by suing out a distress warrant before a justice of the peace against the John Church Company of Texas, for an indebtedness for rents, which warrant was levied on certain personal property situated in the building and returned to the district court, whereupon the John Church Company filed a claimant's oath and bond and took possession of such property, and plaintiff filed his petition in the district court against the John Church Company of Texas and the John Church Company of Ohio, and the Western Indemnity Company, as surety on the claimant's bond. Judgment for plaintiff and for the foreclosure of his lien and against the Indemnity Company, and defendants appeal. Reformed and affirmed.

George Sergeant, E. B. Perkins, and W. B. Hamilton, all of Dallas, for appellants. Spence, Haven & Smithdeal, of Dallas, for appellee.

RAINEY, C. J. Appellee commenced this proceeding by suing out a distress warrant before a justice of the peace, precinct No. 1, Dallas county, against the John Church Company of Texas, for an indebtedness for rents of a building amounting to $15,000, which warrant was levied on certain pianos situated in said building and returned to the district court. The John Church Company filed a claimant's oath and bond and took possession of said property. Appellee as plaintiff filed his petition in the district court against the John Church Company of Texas, incorporated under the laws of Texas, and the John Church Company, a corporation incorporated under the laws of Ohio, and the Western Indemnity Company as surety on the John Church Company's claimant's bond, alleging default in the payment of rents of said building by virtue of a lease contract in writing made between appellee and the John Church Company, said contract being signed by the "John Church Co. of Texas, Lessee, C. R. Schermerhorn, Gen. Mngr.," who were the agents of the John Church Company, that said building had been vacated, and that the rents were due and unpaid, and that the John Church Company had secreted the property or moved it out of the state and same had been converted by the John Church Company. The John Church Company answered by gen-

eral and special exceptions, general denial, and specially denying that the John Church Company of Texas and C. R. Schermerhorn was its agent. That the two corporations are separate, one being incorporated under the laws of Ohio and the other under the Texas laws; that they are distinct, neither owning stock in the other, and are under separate management and control, etc.; that said pianos were held by the Texas company which were shipped to it under consignment, and the property levied on, except one piano, was not the property of the John Church Company of Texas. The indemnity company answered by general exception; that it was only surety on the claimant's bond for $5,300, and asked relief as such. Appellee filed a supplemental petition, containing general and special exceptions and general denial, and specially pleaded that the John Church Company was the undisclosed principal of the John Church Company of Texas and of C. R. Schermerhorn in the conduct of the piano business in Dallas, and also pleaded estoppel against the John Church Company. A trial resulted in a judgment in favor of appellee against the John Church Company for the foreclosure of its lien, and against the indemnity company on its bond for $2,205, from which this appeal is taken.

### Conclusions of Fact.

The John Church Company is incorporated under the laws of Ohio and located at Cincinnati. In 1906, in order to avoid the franchise tax of this state and to do business in Dallas it procured the organization and charter of the John Church Company of Texas under the laws of Texas, with a capital stock of $5,000, which was divided into 50 shares, which were issued to persons principally in its employ, 44 shares to Frank A. Lee and to six others, three living in Cincinnati, Ohio, and three living in Dallas, Tex. The stock was issued to said parties as trustees of the John Church Company, and for which neither party ever paid a cent. The John Church Company paid the said $5,000, and it owned and now owns all the stock in the said the John Church Company of Texas. Said Frank A. Lee is the president of appellant, and also president of the Texas concern. The record fails to show any stockholders' or directors' meeting after 1909. In 1906, the appellant made a written contract with the John Church Company of Texas and with one Chapman in Cincinnati, Ohio (who signed as secretary), to come to Dallas and to receive and sell pianos on consignment. Chapman resigned and a Mrs. Walker was placed in charge of the business. The John Church Company of Texas having no officer, director, or stockholder in the state of Texas, Mrs. Walker was in charge of all the property when in 1913 C. R. Schermerhorn came to Dallas and received all the property from her, and taking charge of the business, he having been employed by appellant to come to Texas and look after its business, appellant paying his salary and the expenses of his salesmen. He was in charge for about three years. When he first came to Dallas he entered into a contract with appellee for the lease of a building, as follows:

"The State of Texas, County of Dallas: This agreement of lease made this the 3d day of June, 1913, by and between P. P. Martinez, lessor, and the John Church Company, lessee, witnesseth: That the said P. P. Martinez do * * * by these presents lease and demise unto the said the John Church Company, the following described property, to wit, lying and being situated in the city and county of Dallas, state of Texas, and being the two-story brick building No. 1818 Main street, for the term of ten (10) years from the 1st day of July, 1913, to be occupied by pianos, and not otherwise, paying therefor the sum of thirty-three thousand ($33,000.00) dollars, payable two hundred and fifty dollars ($250.00) the 1st of each month for the first five years, and three hundred dollars ($300.00) the 1st of each month for the other five years, in advance, upon the conditions and covenants following:

"First. That the lessee shall pay the rent each month in advance as aforesaid, as the same shall fall due.

"Second. That the lessees shall take good care of the property and its fixtures, and suffer no waste; and shall at their own expense and cost, keep said premises in good repair; keep the plumbing work, closets, pipes and fixtures belonging thereto in repair; and keep the water pipes and connections free from ice and other obstructions, to the satisfaction of the municipal and police authorities during the hereby granted term of ten years, and at the end or other expiration of the term, shall deliver up the demised premises in good order and condition, natural wear and tear and damages by fire and the elements only excepted. That the lessees shall pay the water tax imposed on the hereby leased premises in each and every quarter as the same shall become due, during the hereby leased term of ten years. That no improvements or alterations shall be made in or to the hereby demised premises without the consent of the lessor in writing. All improvements made by the lessees to belong to the lessor at the expiration of the hereby granted lease of ten years.

"Third. That the lessees shall promptly execute and fulfill all the ordinances of the city corporation, applicable to said premises, and all orders and requirements imposed by the board of health and police departments, for the correction, prevention and abatement of nuisances in, upon and connected during the said term at their own expense.

"Fourth. That the lessees reserve the right to assign this agreement or underlet the premises, or any part thereof (except to negroes or for business deemed extrahazardous on account of fire), or make any alteration in the building or premises (except as may be mentioned above), without the consent of the lessor in writing; or occupy, or permit or suffer to be occupied, for any business or purpose deemed extrahazardous on account of fire.

"Fifth. That the lessees shall in case of fire give immediate notice to the lessor, who may, at his option, thereupon cause the damage to be repaired forthwith, but if the premises be by the lessor deemed so damaged as to be unfit for occupancy, or if the lessor shall decide not to rebuild, the lease shall cease and the rent shall be paid to the time of the fire.

"Sixth. That in case of default in any of the covenants, the lessor may declare the lease forfeited at his discretion and he or his agent or attorney shall have the right to re-enter and

remove all persons therefrom, or he or his agent or attorney may resume possession of the premises and relet the same for the remainder of the term at the best rent agent may obtain for account of the lessee, who shall make good any deficiency. Omission to declare lease forfeited for any breach will not prevent a subsequent exercise of said discretion. And the lessor shall have a lien as security for the rent aforesaid upon all the goods, wares, chattels, implements, fixtures, furniture, tools and other personal property which are or may be put on the demised premises.

"Seventh. That the lessor reserves the right to cancel this lease within three (3) years by giving the lessees sixty days' notice and paying them four thousand ($4.000) dollars. And at any time after the said first three years, by giving them sixty days' notice, and paying them three thousand ($3,000) dollars in the event he sells the property.

"In testimony whereof, the parties to this agreement have hereunto set their hands in duplicate, the day and year above written.

"[Signed] P. P. Martinez, Lessor.

"The John Church Company
"of Texas, Lessee.
"C. R. Schermerhorn, Gen. Mngr."

In negotiating for the contract Schermerhorn represented to appellee that he was acting for the John Church Company, and appellee, believing such representations, acted upon same, and knew nothing of the John Church Company of Texas.

We conclude that the John Church Company of Texas was incorporated and its charter procured by the John Church Company for its own interest, and was, from the beginning, managed and controlled by the John Church Company.

## Opinion.

The appellant the John Church Company contends that it is not liable on the contract sued on in this case and presents the following proposition:

"In a suit against a private corporation, duly incorporated and chartered under the laws of Texas, upon a written rental contract, where the pleadings allege and the evidence shows the existence of the corporation, and the contract offered in evidence shows to have been executed by the corporation, and where the evidence shows that the corporation occupied the leased premises for a time and paid the rents, but afterwards vacated the premises, the court is not authorized, under such pleadings and evidence, to adjudge and decree that such corporation has no legal existence, and to render judgment for indebtedness created under the contract against another corporation which has consigned goods to such tenant corporation."

[1] The judgment of the court does not decree the forfeiture of the charter of the John Church Company of Texas, but does adjudge that the appellant, the John Church Company, is liable for the acts of the said the John Church Company of Texas and C. R. Schermerhorn, the agents of the John Church Company. That the facts fully establish the liability of the John Church Company and its surety, the Western Indemnity Company, we entertain no doubt, for they show that the John Church Company organized the John Church Company of Texas and managed and controlled it for the purpose of transacting the business of the John Church Company in Texas, and had appointed C. R. Schermerhorn agent and general manager for the Texas corporation. "When one corporation makes use of another [corporation] as its instrument through which to transact its business, the principal corporation is really represented by the agents of the subcorporation, and its liability is the same as if it had done business in its own name." Buie v. Railway Co., 95 Tex. 51;[1] Railway Co. v. Wells, 24 Tex. Civ. App. 304, 58 S. W. 842. The principle stated by Mr. Justice Brown in the Buie Case governs this case, and is as follows:

"The authorities cited fully sustain the proposition that when one corporation makes use of another as its instrument through which to perform its business, the principal corporation is really represented by the agents of the subcorporation, and its liability is just the same as if the principal corporation had done the business in its own name."

[2] The contention that there was no valid lien existing on the pianos situated in the leased building for the payment of rent, as said property was exhibited for daily sale, under article 3970, R. S., is not tenable, as said article has no application to the parties to the contract of lease.

[3] Clause 6 of the contract sued on provides:

"That in case of default in any of the covenants, the lessor may declare the lease forfeited at his discretion and he or his agent or attorney shall have the right to re-enter and remove all persons therefrom, or he or his agent or attorney may resume possession of the premises and relet the same for the remainder of the term at the best rent agent may obtain for account of the lessee, who shall make good any deficiency. Omission to declare lease forfeited for any breach will not prevent a subsequent exercise of said discretion."

Shortly after the rented building was vacated the appellee took charge of the rented premises and notified the John Church Company's agent as follows:

"Dear sir: As agent of the John Church Company, please be advised that I, as lessor under the terms and conditions of the lease contract dated third day of June, 1913, covering the two-story building known as No. 1818 Main street, in the city of Dallas, Texas, shall relet the said building for the remainder of the term of said lease contract at the best rent obtainable for the account of the John Church Company and shall look to the John Church Company for the payment of any deficiency.

"Yours truly,       P. P. Martinez."

Under this clause appellee was not authorized to recover for the rents remaining due and unpaid after the time of trial, for the reason that there was no testimony showing the value of the unexpired lease after that time. Under the terms of the lease he was to lease the building and the lessee was to make good the deficiency, and we cannot tell what the deficiency will be until the term has expired. The rental contract being for ten years, there are several years until the lease expires. The building was vacated in February, 1916, and the lien existed until the end of the year 1916. Allen v.

[1] 65 S. W. 27, 55 L. R. A. 861.

Brunner, 33 Tex. Civ. App. 128, 75 S. W. 821; Low v. Laundry Machinery Co., 160 S. W. 136. So there was no error in foreclosing the lien upon the goods seized under the distress warrant; said property belonging to the John Church Company.

[4] Complaint is made of the size of the verdict. The judgment was for practically the full amount of the remaining term of the ten-year rental contract unpaid. The appellee having taken possession of the building, he was bound to rent it for the remainder of the term for account of the John Church Company, in order to ascertain the amount of the deficiency in order to bind the appellant for the deficiency remaining due at the end of any yearly period. Seed Co. v. Hexter, 167 S. W. 749.

Under the evidence appellee was entitled to judgment for $4,125, with a foreclosure of his lien. Under the contract and law his lien existed only to the end of the year 1916. The judgment rendered was for $15,475, which was an excess of $11,350, for which the judgment should have been rendered in this case. The judgment will be reformed and here rendered for $4,125, and the appellee will be remitted to such remedy as he may have, without prejudice for the remaining rents to become due.

Reformed and affirmed.

### On Motion for Rehearing.

[5] Both appellant and appellee have filed motion for rehearing. The appellant complains, in effect, that this court erred in holding that the evidence showed any liability at all on the part of the John Church Company for the acts of the John Church Company of Texas. We are still of the opinion that the John Church Company is responsible for the payment of the amount due on the lease contract, but we are of opinion that we erred in fixing the sum due at $4,125, at the date of trial, when it should have been for $3,175, for which last amount appellee is entitled to judgment with foreclosure of his landlord's lien, and the judgment of this court will be modified in that respect.

As to appellee's motion for rehearing we are not satisfied with our former holding in reducing the amount of the judgment and disposing of the rents which had not matured. We still adhere to our holding that the John Church Company is responsible for them, but are of the opinion that the evidence was not such that the judgment for the full amount was justified, as the testimony of appellee does not show positively the length of time he had leased the building to the music company for the full term, nor is there any testimony showing the value of the lease for the unexpired term, if the building had not in fact been relet for that time, which would form an equitable basis for the proper judgment; and we see no reason why this cannot be done by proper pleadings and evidence upon a retrial of that issue or branch of the case. We therefore change the judgment heretofore rendered by us, by affirming in part and reversing and remanding in part the judgment of the lower court; that is, we affirm the judgment to the extent of $3,175, being the amount of rent that had become due and payable at the date of the trial and the foreclosure of the lien; and we reverse and remand as to the rents to become due and not included in the $3,175, for the purpose of enabling the appellee, if he so desires, to show whether or not the rented building has been leased, under the terms of his contract with the John Church Company for unpaid time of the original lease, and in the event it has not been so relet, to show the value of said unexpired lease, so that judgment may be rendered upon this branch of the case in accordance with the facts.