INGRAM v. LATTIMORE et al.   (No. 8997.)

(Court of Civil Appeals of Texas.   Ft. Worth. Feb. 15, 1919.)

1. LANDLORD AND TENANT ⬅➡246(3)—LAND-LORD'S LIEN—INCORPORATION OF LESSEES.

Where, as contemplated when a partner, as authorized, took a lease, the partners incorporated, and the lease was used for the corporation's benefit, it as well as they became liable thereon, and the landlord was entitled, as against them and it, to the preference lien given by Vernon's Sayles' Ann. Civ. St. 1914, art. 5490.

2. CHATTEL MORTGAGES ⬅➡152—PRIORITY—LANDLORD'S LIEN.

The landlord being a subsequent creditor and lienholder in good faith, his lien on tenant's property in the building at time of lease takes priority under Vernon's Sayles' Ann. Civ. St. 1914, art. 5655, over prior chattel mortgage thereon not forthwith deposited and filed in county clerk's office as thereby required, but filed subsequent to the lease.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by H. S. Lattimore, trustee, against W. K. Dunn and others; J. C. Ingram and others intervening. From an adverse judgment, the named intervener appeals. Reversed and rendered.

Slay, Simon & Smith and A. W. Christian, all of Ft. Worth, for appellant.
Lattimore, Bouldin & Lattimore, of Ft. Worth, for appellees.

CONNER, C. J. H. S. Lattimore, as trustee, instituted this suit against W. K. Dunn, R. I. E. Dunn, and W. L. Dunn, upon a promissory note for the sum of $3,300, and for the foreclosure of a chattel mortgage on certain printing machinery and printing material which had been executed by the said Dunns in order to secure the payment of said note. The Farmers' & Mechanics' National Bank of Ft. Worth intervened, setting up that it was the owner of the note, and it prayed for judgment with foreclosure of the

chattel mortgage in its behalf. A. J. Anderson Company also intervened; but, inasmuch as that company has not appealed from the judgment, no further notice of its intervention need be given. Appellant, J. C. Ingram, also intervened, alleging, in substance, that on January 31, 1917, by a contract in writing executed by said W. K. Dunn for himself and for the Ft. Worth American Publishing Company, he had leased, for the use and occupancy of said Dunn & Co., a portion of a brick building in the city of Ft. Worth, described in the petition, for a term of 14 months beginning on the 1st day of February, 1917, for a total rental of $920, payable in equal monthly installments; that the property, described in the plaintiffs' petition and upon which the plaintiffs sought to foreclose the mortgage, was situated in said building at the time of the execution of his said lease, and thereafter used in the business of said W. K. Dunn and the Ft. Worth Publishing Company; that only $80 had been paid upon said rental contract, leaving still due and unpaid thereon the sum of $840, for which he sought judgment and a foreclosure of the landlord's lien which he alleged existed by reason of the facts above stated.

The court rendered a judgment in favor of the Farmers' & Mechanics' National Bank through H. S. Lattimore, as its trustee, and against W. K. Dunn, R. I. E. Dunn, and W. L. Dunn for the sum of $3,844.33, with the foreclosure of the chattel mortgage described in the plaintiffs' petition, decreeing that said mortgage lien was prior and superior to the claim of any and all other parties to the suit. From this judgment the intervener J. C. Ingram has appealed.

[1] We see no escape from the conclusion that the court erred in its judgment. It is undisputed that the mortgage upon which appellees sought a foreclosure was executed on January 11, 1917, but was not filed for record until April 18, 1917. The evidence also tended very strongly to show, if indeed it does not conclusively so appear, that W. K. Dunn for himself and partners, then owners of the property, and who a little later incorporated their business under the name of the Ft. Worth Publishing Company, executed the lease and occupied the premises and used the mortgaged property within said premises, as substantially alleged by appellant, Ingram. Ingram was undoubtedly a creditor of the parties named, for no serious attack in the evidence has been made upon the authority of W. K. Dunn to execute the lease made to Ingram, nor can it be seriously doubted from the evidence that at the time the lease was executed by W. K. Dunn it was then contemplated that he and his partners would thereafter incorporate, which being done and the lease used for the

benefit of the publishing company, that company as well as the Dunns became liable upon the lease. This being true, the issue upon which the case below seems to have been fought out, of whether the lease was that of W. K. Dunn or that of the incorporated publishing company, seems to us immaterial. In either event, as against the Dunns and as against the publishing company. appellant, Ingram, was entitled to the preference lien given landlords by the statute. The statute, so far as necessary to quote, reads as follows:

"All persons leasing or renting any residence, storehouse or other building, shall have a preference lien upon all the property of the tenant in such residence, storehouse or other building, for the payment of the rents due and that may become due." Vernon's Sayles' Statutes, art. 5490.

[2] As against the right of the landlord given by this statute, appellees present only their mortgage. The law relating to this character of lien thus provides:

"Every chattel mortgage, deed of trust, or other instrument of writing, intended to operate as a mortgage of or lien upon personal property, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making same, and as against subsequent purchasers and mortgagees or lienholders in good faith, unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated." Vernon's Sayles' Stat. art. 5655.

As before noted, it is undisputed that appellees' mortgage was not forthwith "deposited with and filed in the office of the county clerk of the county where the property was situated." Ingram's lien therefore was undoubtedly prior in point of right to the mortgage lien of the appellees, for Ingram, under the decisions, was both a creditor and subsequent lienholder in good faith; it not being pretended at the time of the rental contract made by him that he had notice of the mortgage in question. Liquid Carbon Acid Mfg. Co. v. Lewis, 32 Tex. Civ. App. 481, 75 S. W. 47; Austin v. Welch, 31 Tex. Civ. App. 526, 72 S. W. 881; Rogers v. Grigg, 29 S. W. 654; Berkey & Gay Furn. Co. v. Sherman Hotel Co., 81 Tex. 135, 16 S. W. 136, writ of error denied.

We believe that the judgment below should be reversed and here rendered for appellant, establishing the superiority of his lien and directing the proceeds of the sale of the property to be applied first to the payment of intervener Ingram's unpaid rents, interest, and all costs incurred by him in this cause here and in the court below; the remainder of such proceeds to be applied as directed by the court below. The judgment in other respects is left undisturbed. Judgment accordingly.

BUCK, J., disqualified and not sitting.