**LYNCH v. COCK.**

No. 6213.

Court of Civil Appeals of Texas.
Texarkana.

May 14, 1946.

Rehearing Denied May 30, 1946.

J. N. Saye, of Longview, for appellant.

Geo. Prendergast, of Marshall, for appellee.

WILLIAMS, Justice.

W. E. Lynch appeals from that part of a $1600 judgment in favor of W. T. Cock against S. R. Morgan, which decreed that to the extent of $1200, the landlord's lien asserted by Cock was superior and paramount to the contract, mortgage and vendor's lien asserted by Lynch on certain machinery and equipment used in the manufacture of ice, located in and attached to a building in Marshall, Texas. Cock owned the building. Lynch, the owner of the machinery and equipment, a tenant of Cock for many years on a month-to-month basis of $100 a month, on March 28, 1944, sold and conveyed the machinery and equip-

ment to Morgan. In the instrument evidencing the conveyance, Lynch retained a mortgage, contract and vendor's lien on the machinery and equipment, therein minutely detailed, to secure a $12,000 deferred payment, the balance of the purchase price. Morgan went into possession on April 1, 1944, and so remained, using the machinery and equipment and occupying the building until July 27, 1945, a period of sixteen months. Lynch had paid all rentals due up to April 1, 1944. It appears that Cock was never informed of the terms of the sale, Lynch writing Cock a letter which merely stated that he had sold out to Morgan, and would not be responsible for any further rents.

On October 3, 1944, Cock sued Morgan for six months'. rent, alleging the reasonable rental value of his building to be $100 a month and obtained a default judgment for $600, with foreclosure of his landlord's lien on the machinery and equipment and order of sale. The order of sale never issued. Thereafter in a suit by Lynch against Morgan, as sole defendant, in which he asked for the appointment of a receiver, Lynch on September 14, 1945, obtained a default judgment on his debt, together with a foreclosure of the mortgage, contract and vendor's lien on the machinery and equipment. This decree directed the receiver to sell and apply the proceeds to the satisfaction of Lynch's debt and lien. Lynch was not a party to the first suit and Cock was not a party to the second suit.

Cock on September 28, 1945, filed suit against Lynch and Morgan in which he pleaded the facts above set out, sought an injunction to restrain the sale by the receiver as ordered in above latter-mentioned judgment and prayed for judgment against both defendants for the reasonable rental value of his building in the sum of $1600, and that his landlord's lien be declared a superior lien for said amount over the asserted lien of Lynch. Under an agreement between Lynch and Cock, the application for an injunction was withdrawn, and a sale by the receiver was had who retained a sufficient amount of money to satisfy the judgment entered in this cause. The judgment awarded Cock a recovery of $1600 against Morgan; declared $1200 of this amount to be a superior lien over that asserted by Lynch and directed the receiver to pay such sum over to Cock, and after having done so the receiver should be released from any further obligation in this cause. Lynch had theretofore purchased the machinery and equipment at the receiver's sale for $6,500. Morgan did not answer and has taken no appeal in the present suit.

The award of the trial court in favor of Cock against Morgan for sixteen months' rent at $100 per month grounded on an implied contract of a rental on a month-to-month basis at a reasonable rental value is sustained. The conduct of the parties established the relationship of landlord and tenant. Lynch in the suit he filed against Morgan, as sole defendant, recognized in his pleadings for a receivership that Morgan was "in arrears in excess of $1700 for rent due on the lot in Marshall." The reasonable rental value of the building at $100 per month is amply sustained by the evidence. Point One, urged by appellant is overruled.

Appellant asserts that if in fact an implied rental contract existed between Cock and Morgan on a month-to-month basis, that Morgan being in arrears for only two months' rent at the time he (Lynch) filed his lien for record, the landlord's lien of Cock as a superior lien over the mortgage, contract and vendor's lien should be limited to the reasonable rental value of the building for two months. This contention is overruled.

The property described in the instrument in which Lynch retained his liens consisted of heavy equipment and machinery used in the manufacture of ice, set in concrete, bolted down and firmly attached to realty, the building owned by Cock. Article 5498, R.C.S., requires "all such (liens) instruments shall be endorsed on the back thereof to wit, 'Liens on machinery situated on realty,' and shall be registered in the county where the real estate is located in the manner as other chattel mortgages except that there shall be kept, indexed and recorded, as now herein provided for chattel mortgages, a sep-

arate book to be endorsed 'Chattel mortgage records on realty.' " The instrument was not endorsed as required by this article. It was not recorded in the separate book called "Chattel Mortgage Records on Realty." It was recorded in the ordinary mortgage records of Harrison County. Appellant makes no claim that the failure of the back of the instrument to contain the endorsement "Liens on machinery situated on realty" which resulted in a failure to record it in the "Chattel Mortgage records on realty" in the County Clerk's office is chargeable to the County Clerk. In the failure to meet these two requirements Lynch is without valid grounds to assert as against Cock any superior lien, for Article 5498 provides that only "when * * * such instrument is registered under the provisions of this Act, then the registration of such instrument evidencing said lien * * * shall be notice to all persons thereafter dealing with or acquiring any right or interest in said machinery * * * of all of the rights of the owners * * * of the indebtedness * * * and such lien * * * upon or to such machinery * * * shall be as to such machinery * * * superior to any lien or rights existing in any one to said real estate * * * or other property located and situated thereon existing at the time of the location of ·said machinery * * * thereon." See Cave v. Talley, Tex.Civ.App., 298 S.W. 912; Continental Gin v. Herner, Tex.Civ.App., 79 S.W.2d 670.

■ If it be assumed that the requirements of Article 5498, supra, had been complied with, such would not have impaired the landlord's lien, for Morgan, the tenant, who had gone into possession and use of the premises on April 28th, was then two months in arrears for rent when Lynch filed his lien for record on May 2, 1944. The landlord's lien as a superior lien had theretofore attached to the machinery and equipment for the rent due and to become due subject to the provisions and limitations enumerated in Article 5238, R.C.S., Vernon's Ann.Civ.St. art. 5238. General Motors Acceptance Corp. v. Bettes, Tex.Civ.App., 57 ·S.W.2d 263; Pierce Co. v. Rude, Tex.Civ.App., 291 S.W.

974; Low v. Troy Ldg. Co., Tex.Civ.App., 160 S.W. 136.

Article 5238 provides:

"All persons leasing or renting any residence, storehouse or other building, shall have a preference lien upon all property of the tenant in such residence, storehouse, or other building for the payment of rents due and to become due provided that in order to secure the lien for rents that are more than six months due, it shall be necessary for the person leasing or renting any storehouse or other building which is used for commercial purposes, to file in the office of the county clerk of the county in which such storehouse or such other building is situated, a sworn statement of the amount of rent due, itemized as to the months for which it is claimed to be due, together with the name and address of the tenant, a description of the rented premises, the date on which the rental contract began and that on which it is to terminate, verified by the person claiming such lien, his agent or attorney, and such statement when so verified shall be recorded by the county clerk in a book to be provided for such purpose. No lien for rent more than six months past due upon any storehouse or other building rented for commercial purposes shall be valid as against bona fide purchasers or unsecured or lien creditors of said tenant, unless said statement shall be verified, filed and recorded as above provided."

■ Cock, the landlord, did not prepare and file a sworn statement as required in above statute. Lynch was a creditor of Morgan at all times during the tenancy of Morgan. Under such circumstances we are of the opinion and so hold that the landlord's recovery will be limited to the foreclosure of his landlord's lien as against this creditor for only six months' rent, the last six months of Morgan's tenancy, in the sum of $600. West Development Co. v. Crown Battery Co., Tex.Civ. App., 90 S.W.2d 887; Walker-Smith Co. v. Winstead, Tex.Civ.App., 99 S.W.2d 1051; 14 C.J.S., Chattel Mortgages, § 304, p. 949.

Appellee contends that his suit in October, 1944, at the end of the first six months' tenancy, and its prosecution to

judgment for such rents with foreclosure of landlord's lien, citing Webb v. Bergin, Tex.Civ.App., 38 S.W.2d 841, 842, met the requirements of Article 5238, supra, in that it accomplished everything that the filing of such notice with the County Clerk could have done. "The sole purpose of this statute is to protect bona fide purchasers and unsecured or lien creditors of the tenant." 24 Tex.Jur., Landlord and Tenant, Sec. 73. Lynch was not a party to that suit. We know of no decisions and are cited to none where a suit of above nature and under above circumstances constituted constructive notice to a creditor.

The receiver having been appointed and having assumed possession of the machinery and premises on July 27, 1945, and this present suit not having been filed until September 28, 1945, the appellant asserts the landlord lost his lien by not having brought the suit within the one month's period of time as specified under Article 5238, which reads: "Such lien shall continue and be in force so long as the tenant shall occupy the rental premises, and for one month thereafter." This point is overruled. Meyer, Weis & Co. v. Oliver & Griggs, 61 Tex. 584; Lontos v. Coppard, 5 Cir., 246 F. 803; Allen v. Brunner, 33 Tex.Civ.App. 128, 75 S.W. 821. The machinery and equipment remained in the premises and the occupancy by the receiver was the occupancy of the tenant during the period from July 27th to September 28th, 1945.

The judgment of the trial court will be modified in keeping with the conclusions hereinabove stated so that only $600 of the $1600 be declared a landlord's lien superior to the claims of Lynch, and this be first deducted and paid to Cock; that as to the remaining amount of $1,000 due Cock and the total debt due Lynch, they each share proportionally as unsecured creditors in the remainder of the net proceeds of the receiver's sale; and the receiver is directed to disburse the proceeds accordingly.

As modified, the judgment will be affirmed.