ROBINSON SEED & PLANT CO. v. HEXTER & KRAMER.   (No. 7150.)

(Court of Civil Appeals of Texas. Dallas. May 23, 1914. Rehearing Denied June 13, 1914.)

1. LANDLORD AND TENANT (§ 109*)—ACCEPTANCE OF SURRENDER—ACTS CONSTITUTING.

Where a lessee, abandoning the premises, and securing the consent of the lessor to sublet for the unexpired term, was only able to secure third persons who would take the premises for the unexpired term at the same rental on condition that the lessor would extend the period at the same rental, refusal of the lessor to lease the premises beyond the unexpired term was not an acceptance of a surrender of the premises so as to relieve the lessee from liability for rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–360, 363–365, 368–371; Dec. Dig. § 109.*]

2. LANDLORD AND TENANT (§ 110*)—ABANDONMENT OF PREMISES — OBLIGATION OF LESSOR.

Where a lease authorized the lessor in case of abandonment to resume possession and relet for the unexpired term, the act of the lessor in performing his duty to relet for the unexpired term on the lessee abandoning the premises was not an acceptance of a surrender, but was for the benefit of the lessee by reducing his liability by the difference between the rent received under a reletting and the rent reserved in the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 366–369, 371; Dec. Dig. § 110.*]

3. LANDLORD AND TENANT (§ 195*)—ABANDONMENT OF PREMISES — OBLIGATION OF LESSOR.

Where a lessee abandoned the premises, the refusal of the lessor to accept a new tenant on condition of a lease for a period beyond the unexpired term for the same rental was not a failure to exercise ordinary diligence to relet the premises, and he could recover from the lessee the loss sustained.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 790–793; Dec. Dig. § 195.*]

_____

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**4. TRIAL (§ 141\*)—EVIDENCE—INSTRUCTIONS.**

Where the liability of defendant and the amount thereof were established by undisputed testimony, it was proper to direct a verdict for plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. § 141.\*]

Error from District Court, Dallas County; Kenneth Foree, Judge.

Action by Hexter & Kramer against the Robinson Seed & Plant-Company. There was a judgment for plaintiffs, and defendants bring error. Affirmed.

Short & Feild, of Dallas, for plaintiff in error. Thompson, Knight, Baker & Harris, of Dallas, for defendant in error.

RASBURY, J. Defendants in error sued plaintiffs in error for a sum of money alleged to be the amount due upon a lease of certain premises in the city of Dallas, entered into between plaintiffs in error and Sockwell and Beall, who, before the rents accrued, sold the premises and assigned the lease to defendants in error, and an item of expense for repairs incurred on behalf of plaintiffs in error, and which premises plaintiffs in error vacated before the expiration of the term.

The effect of plaintiffs in error's answer was to admit the lease of the premises and the failure to pay the rent for the unexpired term, but a denial of liability therefor on the ground that, after they ceased occupying the premises, defendants in error agreed that plaintiffs in error might sublet the premises to another satisfactory to defendants in error, and that such a tenant was secured; and, further, that plaintiffs in error surrendered the premises for the unexpired term, and defendants in error accepted the surrender and took possession of the premises, and for that reason also were not entitled to recover.

There was a trial before jury; but at the conclusion of the testimony the court instructed a verdict for defendants in error, which was returned by the jury, and, from the judgment entered upon said verdict, this appeal is taken.

We deduce from the evidence the following essential and undisputed facts: Plaintiffs in error rented the premises for a period of five years, beginning November 1, 1906, for the gross sum of $13,200. The rental was payable in installments of $200 per month for three years, or until November 1, 1909. For the remaining two years it was to be paid in installments of $250 per month. Plaintiffs in error occupied the premises under the lease until the latter part of June, 1910, when they ceased business and vacated the premises. By the terms of the lease plaintiffs in error did not have the right to sublet the premises; but when they ceased business they asked and received permission from defendants in error, who, subsequent to the execution of the lease, purchased the property and held the lease by assignment, to sublet the premises for the unexpired term of the lease to tenants satisfactory to defendants in error, with the reservation by defendants in error at all times that plaintiffs in error were to be primarily liable for the rental of the premises under the exact terms of the lease. The plaintiffs in error did not secure tenants who would accept the premises for the unexpired portion of the lease, but did secure two tenants, either one of whom would have occupied the premises for a period of three years, including the unexpired portion of the lease, at a rental of $250 per month for the full period of time. Defendants in error were willing for such tenants to occupy the building at $250 per month for the unexpired portion of the lease, but demanded a greater rental after that time, which the prospective tenants declined to pay. Matters standing thus, and the rental for August, 1910, having been paid, plaintiffs in error declined in writing to pay any further rent, and abandoned the premises and repudiated the lease, assigning as a reason defendants in error's refusal to accept either of the prospective tenants. Subsequently defendants in error, in the exercise of the utmost diligence, leased the premises for a part of the unexpired portion thereof, crediting plaintiffs in error with the full amount collected, after deducting the expense of making certain changes in the premises required by the tenant and necessary to secure him, but which was insufficient to pay the agreed rental for the unexpired term. The balance plaintiffs in error refused to pay, and this suit was filed for said amount and resulted as stated.

Among other provisions in the lease is the following:

"That, in case of default in any of the aforesaid covenants, the lessors may enforce the performance thereof in any modes provided by law, and may declare the lease forfeited at their discretion, and their agent or attorney shall have the right, without further notice or demand, to re-enter and remove all persons therefrom, without being deemed guilty of any manner of trespass, and without prejudice to any remedies for arrears of rent or breach of covenant, or their agent or attorney may resume possession of the premises and relet the same for the remainder of the term at the best rent they may obtain, for account of lessees, who shall make good any deficiency."

[1] It is first urged that the facts related show a surrender of the leased premises and an acceptance of the surrender by defendants in error, and that hence the peremptory instruction for defendants in error was erroneous. We think not. The most the evidence shows is that plaintiffs in error, when they ceased business, sought and secured the consent of defendants in error to sublet the premises for the unexpired term of the lease. This they were unable to do. It is true they secured two parties satisfactory as tenants who would take the premises for the unexpired term and pay the same rental that plaintiffs in error were paying, but only on

condition that defendants in error would extend the lease for a period of nearly two years beyond the unexpired term, and for the same rental. It was upon the refusal of defendants in error to so extend the lease beyond the agreed term at the same rental that plaintiffs in error based their right to repudiate the lease and abandon the premises, without the consent of defendants in error, and here urge the right in law so to do. The precise point has been decided adversely to the contention in Massie v. State National Bank, 11 Tex. Civ. App. 280, 32 S. W. 797. In that case the contention in substance was that when the lessee abandons the premises, although without the consent of the lessor, and with notice that the lessor will hold him responsible for the rent for the full term, and thereafter lessor assumes charge of the premises and rents them for a less amount than the agreed rental, such facts will in law constitute a surrender of the lease and the premises and an acceptance thereof by lessor. The appellate court held such was not the rule, and, in passing upon the issue, said:

"True, the landlord may, if he choose, decline to meddle with the property, and at the end of the term sue for the rent; but he is not to be driven to this course, and run the risk of damages to his property and the insolvency of his tenant. He does not forfeit his right to compensation for the violation of the contract by taking possession of the abandoned house, nor can the lessee be permitted to shield himself from all recovery under an act which indeed lessened the loss that he had caused."

If, then, taking possession of the premises by the lessor after repudiation of the lease and an abandonment of the premises by the lessee does not in law constitute a mutual surrender, which is necessary to effect such result, it cannot be intelligently urged that a refusal to lease the premises beyond the unexpired term at a rental not acceptable to the lessor will accomplish as much. After all, it occurs to us it is but a matter of simple contract relation by which the rights of the parties are to be determined.

[2] By the contract of lease in the instant case, plaintiffs in error were bound for the rent for the unexpired term, and, after they abandoned the premises, it was the duty of the defendants in error to relet the premises for the unexpired term to the best advantage they could in the exercise of ordinary diligence in that behalf. This they did. The lease itself provides the very rule quoted, and confers upon the defendants in error the right in case of abandonment to resume possession of the premises and relet them for the unexpired term for the best rent obtainable for the benefit of plaintiffs in error, who, by the same contract, agree to make up any difference between the rental so received and that agreed to be paid. Such was the judgment rendered.

[3] It is next urged under the second assignment of error, in effect, that it was the duty of defendants in error to exercise ordinary diligence to relet the premises after resuming control of the premises, which is the correct rule; but the precise point made is that the refusal of defendants in error to accept the two proposed tenants we have mentioned was a failure to exercise ordinary care, and released plaintiffs in error from all liability. We think the contention unsound, since said tenants would accept the premises only on condition that the unexpired lease was extended for a long period of time for the same rental. Such an extension would undoubtedly have prevented loss to plaintiff in error, but on the other hand, would have resulted in a loss to defendants in error of what they considered the increase in rental value of the leased premises. This, defendants in error were, of course, not bound to do, either by the lease or any rule of law.

[4] It is further urged that the court erred in directing a verdict for defendants in error for the reason that the evidence did not conclusively establish the amount sued for. The testimony concerning how much rent was received after plaintiffs in error abandoned the premises, and how much was expended in repairs, which were necessary in order to relet the premises, and the diligence exercised to relet the premises, was undisputed, and without attempted contradiction; and consequently there was no conflict in the testimony to be referred to the jury for its solution, and the course pursued by the trial court obviously proper.

The judgment is affirmed.