### EARLY v. ISAACSON.
### No. 3445.

Court of Civil Appeals of Texas. Amarillo.
Sept. 24, 1930.

Rehearing Denied Oct. 15, 1930.

Cooper & Lumpkin, of Amarillo, for appellant.

Underwood & Strickland, of Amarillo, for appellee.

RANDOLPH, J.

Allen Early, as plaintiff, brought this suit in the district court of Potter county against Isaacson as defendant. The case was tried before a jury, and on the jury's answer to issues submitted to them, the trial court rendered judgment in favor of the defendant, and appeal has been duly taken to this court.

The plaintiff's petition sought to recover as against the defendant upon a written contract for the lease of a building situated upon the north 48 feet of lot 2 in block 88, of the Plemons addition to the town of Amarillo, which contract of lease was dated January 1, 1924, and ran for a period of five years at $523 per month. The petition further alleged that the defendant breached the covenants of said lease on the 31st day of December, 1924, and failed and refused to continue to keep said premises and to pay said rent.

That the plaintiff thereafter used said premises until about the 1st day of April, 1925, and made every effort to acquire a tenant who would occupy said premises and pay said rental agreed to be paid by defendant, and plaintiff was unable to procure a tenant who would occupy said premises and pay said rents therefor in accordance with the terms of said contract between plaintiff and defendant.

That plaintiff thereafter rented and leased said demised premises for a period of four years to the Palo Duro Furniture Company, a corporation, at and for a monthly rental of $450 per month; that said contract of lease to said company was the best contract obtainable by the plaintiff for the use and occupancy of said premises; that plaintiff thereby lost the sum of $73 per month for and during the full period of three years and nine months, and that thereby plaintiff was injured and damaged in the sum of $3,145; and that demand has been made of said defendant for the payment thereof, which he fails and refuses to do.

The defendant filed his answer, consisting of a general demurrer, general denial, and certain special pleas.

Under our view of the controlling question in the rendition of the trial court's judgment, we will only discuss the special pleading setting up such defenses as are necessary to be considered.

Defendant specially pleaded as follows:

"Further answering specially, if so required, defendant says that after his adjudication in bankruptcy, that he abandoned said premises and never asserted any right of possession, but fully surrendered said possession to the plaintiff, and that the plaintiff fully accepted said surrender and acquiesced in the abandonment and re-possessed said building, and that all parties thereby recognized that said lease agreement was fully and finally discharged, terminated and rescinded; wherefore, plaintiff cannot recover.

"Further answering specially, if so required, defendant says that the plaintiff, in renting the building to the Palo Duro Furniture Company, did not rent same for the best rent obtainable, and did not act fairly and honestly in said transaction, and that the reasonable rental value of said premises at the time of said re-rental was in excess of the said $450.00 per month, and in this connection, defendant alleges that the plaintiff, Allen Early, was desirous of engaging in the furniture business himself, and had so stated to the defendant, and that the Palo Duro Furniture Company, to which plaintiff re-rented said building in controversy, was organized by the plaintiff, he being a stockholder and owning a majority of said stock, and that said plaintiff actually managed and controlled said company, and that the rental agreement made by the said Allen Early as landlord, and Allen Early as President and Manager of the Palo Duro Furniture Company as tenant, was fraudulent, in that the monthly rental agreed upon was inadequate and insufficient and below the market value of same, and that said rental agreement was a scheme and afterthought on the part of Allen Early, seeking to hold this defendant for a purported deficiency long after the said Allen Early had taken possession and had rescinded and terminated the contract and discharged the lessee from any and all liability, and in this connection, defendant alleges that the reasonable rental value of said premises at the time of the contract between Allen Early, landlord, and the Palo Duro Furniture Company, owned, managed and controlled by Allen Early, plaintiff, was at least $523.00 per month, and that plaintiff could have obtained that much rental by the exercise of proper care and caution, or any diligent efforts whatsoever; that the plaintiff had stated shortly prior to December 31, 1924, that the rental being paid by defendant was really too cheap, and that the building was worth a great deal more; wherefore, by reason of the above premises, plaintiff cannot recover. * * *

"Further answering specially, if so required, this defendant says that the rental contract sued upon was breached by the plaintiff, which breach was fully acquiesed in by the defendant, and the possession sur-

rendered by the defendant to plaintiff, aside from the adjudication in bankruptcy, in that the said plaintiff desired to terminate the relationship of landlord and tenant, and told the defendant that he wanted to organize a furniture company of his own and be the owner of the business, rather than the landlord; that he at first led defendant to believe that he would take substantial stock in a company to be organized by the defendant, but knowing that the defendant was in financial difficulties, the plaintiff did not consummate the agreement to take stock in that company, all of which contributed to defendant's bankruptcy, and that as soon as defendant was adjudicated a bankrupt, the plaintiff began his efforts in organizing said Palo Duro Furniture Company; that plaintiff, in the meantime, had re-entered and taken possession of said building, using same himself, and recognizing the surrender of the said building and a termination of the rental contract with the defendant, the rental contract was made to the plaintiff's newly born corporation, the Palo Duro Furniture Company, and that the relationship of landlord and tenant as between the plaintiff and defendant, was considered by all parties as fully and finally terminated, and that no demand was ever made upon this defendant for any further rental until after the defendant was again in the furniture business; whereupon plaintiff conceived the idea of injuring the defendant in a competitive business by annoying and harassing him concerning the old rental contract; wherefore, by reason of the above premises, the plaintiff is estopped to assert any further claim against this defendant, and is not entitled to recover herein."

The Court submitted to the jury the following special issue, which we think presents the sole question to be considered by us, to wit:

"Special Issue No. One:

"(a) Did the plaintiff, Allen Early, accept the surrender and possession of the building described in plaintiff's petition with the intent that the contract executed by him and the defendant S. R. Isaacson, introduced in evidence as plaintiff's Exhibit No. 1, should be terminated and the defendant released from further liability thereon?"

The jury answered this issue in the affirmative.

█ If there is evidence to support the finding of the jury upon such special issue, then we have no authority to disturb such finding, even though upon a consideration of the evidence this court might have arrived at a different conclusion.

This being true, we have searched the record diligently for evidence of any probative force whatever which would authorize the jury to find that the plaintiff accepted the surrender and possession of his building with the intent that the contract executed by him

and the defendant, S. R. Isaacson, introduced in evidence as Plaintiff's Exhibit No. 1, should be terminated and the defendant released from further liability thereon. There is absolutely no evidence of any act of the plaintiff that could furnish the basis for such conclusion.

█ When Isaacson went into bankruptcy and the property was taken over by the trustee in bankruptcy, the plaintiff had the right to require payment of all amounts due up to that time and relet the building at the best price obtainable and charge the defendant with any loss by reason of having had to let the building at a less sum per month than the contract called for. This the evidence shows that he did and no more. It is useless for us to attempt to set out the whole statement of facts to show that there is no such evidence as would warrant the jury's verdict. We have neither the time nor the space to do it.

█ In the case of abandonment of possession by a tenant before the expiration of a term for which he has agreed to pay rent, the landlord may stand upon his contract and suffer the premises to remain vacant and recover of the tenant the full rent agreed to be paid. Willis v. Thomas (Tex. Civ. App.) 9 S.W.(2d) 423.

██ Landlord may relet premises upon tenants abandonment by taking proper precaution not to create a surender by operation of law, in which case the measure of his damages will be the agreed rental, less amount realized from reletting. C. R. Miller & Bro. v. Nigro (Tex. Civ. App.) 230 S. W. 511.

Where a lease authorizes the lessor, in case of abandonment, to resume possession and relet for the unexpired term, the act of the lessor in performing his duty to relet for the unexpired term on lessee abandoning the premises was not an acceptance of a surrender, but was for the benefit of the lessee by reducing his liability by the difference between the rent received under a reletting and the rent reserved in the lease. Robinson Seed & Plant Co. v. Hexter & Kramer (Tex. Civ. App.) 167 S. W. 749.

█ To constitute a surrender of a lease there must be a mutual agreement between the lessor and the lessee. Goldman v. Broyles (Tex. Civ. App.) 141 S. W. 283.

█ It is essential to termination of lease contract that the lessor and lessee agree to surrender their rights under such contract. Sellers et al. v. Radford (Tex. Civ. App.) 265 S. W. 413.

This is said without reference to the bankruptcy proceedings, as plaintiff's right to recover against the defendant for such loss seems not to have been adjudicated in bankruptcy, at least the record does not show by

518

proper evidence that the furniture lien debt was passed on by the bankruptcy court.

It appearing from the record that the evidence in the case has been thoroughly developed and that a mere reversal would not change the judgment thereof to be rendered in the case, we therefore reverse the judgment of the trial court and here render such judgment as should have been rendered by the court below, in favor of plaintiff as prayed for by him.