**Jack B. WHITE, Appellant,**

**v.**

**G. T. WATKINS, Appellee.**

**No. 4301.**

Court of Civil Appeals of Texas.

Waco.

Dec. 10, 1964.

Rehearing Denied Dec. 31, 1964.

Buck C. Miller, Houston, for appellant.

Hubert D. Dunham, Waco, for appellee.

WILSON, Justice.

The tenant, White, appeals from judgment against him on a jury verdict. The petition alleged that the premises were leased to the tenant by a written contract for a term of five years at a rental of $12,000 payable $200 per month from January 1, 1963; that in December, 1963 the tenant vacated the premises after payment of $2400, leaving a balance due under the terms of the. contract of $9,600; that notice of default in payment of rental was given the tenant; that "the default by defendant in the performance of said written contract has damaged plaintiff in the amount of $9,600 for which suit is brought."

The lease provided that in case of default in any covenant lessor might enforce performance in any mode provided by law; that "this lease may be forfeited at lessor's discretion if such default continue for a period of ten days after lessor notifies said lessee of such default and his intention to declare the lease forfeited," and thereupon the "lease shall cease and come to an end as if that were the day originally fixed herein for the expiration of the term hereof * * * or lessor's agent or attorney may resume possession of the premises and relet the same for the remainder of the term at the best rent said agent or attorney may obtain, for account of the lessee, who shall make good any deficiency."

The tenant vacated and abandoned the premises December 6, 1963, sending the keys to lessor. On January 7, 1964 he received from landlord's attorney a letter stating that in accordance with the terms of the lease "notice is hereby given that default has been made in the payment of the rent due. You will be expected to comply with your obligation under this contract within the time provided, otherwise the lessor will pursue the remedies available to him." The tenant paid rentals only to January 1, 1964. Shortly thereafter the lessor took possession.

The parties stipulated more than a month before trial by written agreement of counsel: "The reasonable cash market value of the leasehold and reasonable rental value of the leasehold for the unexpired term of the lease commencing February 13, 1964 to December 31, 1967 is $200 per month."

In early March, 1964, after advertising, the landlord orally rented the premises to another tenant "month to month." He testified: "At the beginning I let him have it for two months at $100 a month, starting a new business and getting it established, and for four months at $150 a month; and after then would be $200 a month. He has no lease and no guarantee of him staying, but that's the verbal agreement we have in case—as long as he stays. He has paid the two months at a hundred dollars. Yesterday he paid the third month at a hundred and fifty; and the 15th of next month he

will be due the fourth month at a hundred and fifty, and from then on it's to be $200 a month."

Requests for admissions were served on lessor's attorney under Rule 169, Texas Rules of Civil Procedure. Although answers were filed in response to some of these requests, some were unanswered. Among the latter which must be deemed admitted under the Rule was one that "the reasonable monthly rental value of the premises" is $200 per month.

In answer to the two issues submitted the jury found that the landlord relet the premises "at the best rent he could obtain" and that the amount he would "receive for the property after the use of due diligence to obtain tenants from the date of the trial to December 31, 1967" was $4150. The court found the tenant was indebted for $750 rent to date of trial, and rendered judgment against him for $4900. How this figure was arrived at is not explained. Apparently the amount $4150 was not subtracted from the rent contracted for, but was added to $750.

■ The tenant contends he was entitled to an instructed verdict because the undisputed evidence establishes the lessor elected to terminate the lease, thereby ending liability of the tenant to pay future rentals. We overrule the contention. The argument is that the quoted lease provision is the same as that in Rohrt v. Kelley Manufacturing Co., 162 Tex. 534, 349 S.W.2d 95, in which it was held that a letter announcing "the intention of the lessor to declare the lease forfeited" under the specific terms of the lease, terminated the lease and the tenant's unaccrued liability, because this was precisely what the contract provided. There was no such declaration by lessor in the present case. Although the lease authorized this remedy, it was not exercised.

It is also argued that by failing to answer requests for admissions, the lessor admitted termination under Rule 169. Among the unanswered requests relied on were these: that in reletting the premises the landlord "did not act as agent" for appellant under the lease; that lessor "considers the lease as ended"; that in reletting, the landlord "did not purport to act for or on behalf of" appellant; that lessor "has continued to rent the premises for his own benefit"; that lessor "has elected to terminate his lease with Jack B. White and sue for damages for breach of the lease agreement"; that lessor took possession of the premises "intending to control the same to the exclusion of" appellant "in case the latter desired to return to the premises".

■ Lessor's brief does not answer the argument. Although the problem has caused concern and is a matter of some doubt, in our opinion these were not requests for relevant "matters of fact" under the Rule. They called for conclusions, opinions, and statements of subjective intent which should not be deemed admitted facts. See Hester v. Weaver, Tex.Civ.App., 252 S.W. 2d 214, 216, writ ref.; Gore v. Cunningham, Tex.Civ.App., 297 S.W.2d 287, 291, writ ref. n. r. e.; Fidelity Trust Co. v. Village of Stickney, 7 Cir., 1942, 129 F.2d 506, 507, 511; McDonald, Texas Civil Practice, Sec. 10.-06, p. 852, n. 58, 59, 63; Rule 36, Fed.Rules of Civil Procedure, 28 U.S.C.A., n. 26.

A more serious problem is presented by the points that the record establishes as a matter of law that lessor sustained no damages because the reasonable cash market value of the leasehold and its reasonable rental value for the unexpired term equals the agreed rental under the terms of the lease; and an improper measure of damages was submitted over objection.

Although the petition leaves the matter in doubt, appellee asserts this is a suit for damages for breach of the lease contract, and not a suit to recover rentals. Determination of the proper measure of damages to be applied in actions for breach (as distinguished from those involving suits for accrued rents) may turn in part on whether the applicable measure of damages

is legal or contractual; and on whether the landlord has relet for only a portion of the unexpired term, or, as the present lease authorizes, for the entire remaining term.

■ ▇▇ Where the tenant abandons the premises, the lessor, as one remedy, may accept the breach by the tenant, retake possession and sue for his damages. Marathon Oil Co. v. Rone (Tex.Civ.App.1935), 83 S.W.2d 1028, 1031, writ ref. If he elects this remedy and has relet the premises for the entire unexpired term, the measure of lessor's damage is generally the difference between the rental originally contracted for and that realized from the reletting. Early v. Isaacson (Tex.Civ.App.1930), 31 S.W.2d 515, 517, writ ref. (criticized, 9 Tex.L.Rev. 578, not on this point); Marathon Oil Co. v. Rone, above; Marathon Oil Co. v. Edwards, Tex.Civ.App., 96 S.W.2d 551, writ dism.; C. R. Miller & Bro. v. Nigro, Tex.Civ.App., 230 S.W. 511, 512; Racke v. Anheuser-Busch Brewing Ass'n., 17 Tex.Civ.App. 167, 42 S.W. 774; Robinson Seed & Plant Co. v. Hexter & Kramer (Tex.Civ.App., 1914) 167 S.W. 749, 751, writ ref.

▇▇ Even where the lease contract, as here, authorizes the landlord to relet for the remainder of the term, however, he is not required to do so. He has the option to so act. Silbert v. Keton (Tex.Civ.App., 1930) 29 S.W.2d 824, 826, writ ref. But he may elect, instead, to sue for damages for the anticipatory breach without reletting, and without exercising any diligence to do so. In the latter case the measure of damages is the difference between the present value of the rentals contracted for in the lease and the reasonable cash market value of the lease for its unexpired term. John Church Co. v. Martinez (Tex.Civ.App. 1918), 204 S.W. 486, 489, writ ref.; San Antonio Brewing Ass'n. v. Brents (1905), 39 Tex.Civ.App. 443, 88 S.W. 368, 370, writ ref.; Massie v. State Nat. Bank (1895), 11 Tex.Civ.App. 280, 32 S.W. 797, 798; 32 Am.Jur., Landlord & Tenant, Sec. 161, p. 157; 137 A.L.R. 439; Annotation, 85 L.Ed. 352. See Employment Advisors, Inc. v. Sparks, Tex., 368 S.W.2d 199; Robinson Seed & Plant Co. v. Hexter & Kramer, (Tex.Civ.App.1914), 167 S.W. 749, 751.

▇▇ Here lessor has relet for a portion only of the unexpired term after abandonment by the tenant. The precise dates are not clearly ascertainable from the evidence. The measure of damages for that period is the difference between the rental reserved and the amount realized by reletting. The landlord, nevertheless, has not relet for the balance of the unexpired term, as to which his measure of damage is that stated in the last preceding paragraph.[1]

▇▇ Although it may be argued with force that the stipulation entered into by appellee's counsel and the facts admitted by failure to answer the requests for admission require rendition of judgment, we are of the opinion that since the evidence is uncertain and inadequate to afford complete data for judgment, and since the case was tried on an erroneous theory and the measure of damages submitted is inapplicable, the interests of justice require remand. Points not discussed are overruled.

The judgment is reversed and the cause remanded.

1. It appears there is an indefinite period after December 31, 1963, prior to trial, for which the landlord did not relet.

This measure, of course, is not applicable to that period.